# CHARLESTON

CRANBERRY FUEL CO. *v.* HOLLANDSWORTH.

Submitted February 11, 1908.     Decided March 24, 1908.

1. INJUNCTION—*Dissolution*.
   An injunction, awarded upon a bill which fails to show a good
   case for relief, though no exception is taken thereto, is properly
   dissolved. (p. 130.)

Appeal from Circuit Court, Raleigh County.

Bill by the Cranberry Fuel Company against C. J. Hollandsworth. Decree for defendant, and plaintiff appeals
*Affirmed.*

McGINNIS & HATCHER, for appellant.

J. E. SUMMERFIELD and JOHN W. McCREERY, for appellee.

ROBINSON, JUDGE:

Defendant, by deed of May 29, 1905, conveyed land to one
James Butler. There was express reservation of all coal and
minerals, together with mining rights, which are recited as
having been theretofore conveyed to other parties. The deed
contains this clause: "And it is further expressly understood and agreed by and between the parties to this deed that
the said parties of the first part are to have the use of all the
above described property free of rent for farming purposes
only, from this date to the 15th day of November, 1906, but
the party of the second part may make any improvements on
the property in any manner he may desire preparatory to the
development of the coal and minerals underlying the above
described property, but shall be liable to the party of the
first part for a fair cash value of any growing crops destroyed, or destruction of any farm products on the property,
in the said development of the property for coal and minerals
as aforesaid between this date and the said 15th day of November, 1906."

Butler and his wife, by deed of June 30, 1905, conveyed
to the plaintiff corporation "all their rights, title and interest whatsoever" in the same property, "subject to all of the

conditions and reservations" in the said deed to him from defendant.

On February 3, 1905, upon allegations of plaintiff's bill, injunction was awarded it, enjoining and inhibiting defendant from "plowing up and cultivating the piece of land last described in said bill and from in any wise interfering with plaintiff, or its employees, in the construction of its said miners houses and other buildings necessary for the successful use and enjoyment of its property." Motion to dissolve, after due notice, was heard March 14, 1906, in vacation, upon the bill, answer, replication, depositions and affidavits, and sustained. From the order dissolving the injunction, plaintiff has appealed.

It is charged in the bill that defendant, notwithstanding notice that a portion of said land would be necessary for the construction of miner's houses by plaintiff, and that it would immediately begin the construction of such houses thereon, went upon the land and began to plow the same, and threatens so to continue until he plows the whole of the portion most desirable for the location of said houses. Such plowing is alleged to be in violation of plaintiff's rights, of great interference with its proposed operations in the development of its large coal territory, and of irreparable damage to plaintiff. The answer denies notice aforesaid, in effect admits the plowing but asserts the right of defendant to possession for such purpose, and denies that the building of dwelling houses on the land is an improvement preparatory to the development of the coal and minerials underlying the land. Eliminating matters immaterial and uncontrolling, the foregoing discloses the real gist of the cause.

Defendant maintains that the clause in the deed ·aforesaid was a mere personal contract between him and his grantee, and that the right there given his grantee over the possession retained by him is one that could not be assigned by the deed of Butler to plaintiff. In this we cannot concur. The deed of Butler and wife to plaintiff transferred to it all their "rights, title and interest whatsoever" in the land. Clearly, one of these rights was that of going on the land and making improvements preparatory to the development of the coal and minerals underlying it, regardless of defandant's

proper possession. It was a part of the ownership of the land acquired by Butler, by the deed from defendant. Such right was plainly transferred to plaintiff by the deed of Butler and wife.

The clause of the deed in question is not at all uncertain or indefinite. It is clear and capable of construction, fair and reasonable. By it, defendant was given right to use the land for farming purposes only, for the time specified. But this right was clearly subservient to the right of the other party to use it to make preparations for the development of the coal and minerals under that identical land; not a use of the property, so far as it interfered with farming, for *actual* coal development, but a use merely *preparatory* to such development. Plaintiff was entitled, at any time, to make any desired improvements in preparing to develop the coal and minerals underlying the land. It was given the right to do this regardless of growing crops, that is, regardless of the very purpose of defendant's possession. This shows that the latter's right was subservient to the other.

The bill, however, does not directly and affirmatively show that the alleged work, with which it is averred defendant's plowing interfered, was preparatory to the development of the coal and minerals underlying the property described in the deed—this identical property alone. Plaintiff was clearly not entitled to possession of the land before November 15, 1906, for any other purpose that intefered with farming. Yet the bill is faulty in that it does not specifically set forth that this is the purpose, and the only purpose, of the use by plaintiff, which, it is alleged, is interfered with by defendant's farming. In fact, it is manifest in the bill, and certainly throughout the record, that the real object of the unmolested use desired by plaintiff was not for preparation to develop the coal and minerals underlying the land, but to aid the actual mining of coal under adjoining and different lands. In other words, it is not sufficiently shown that the use of the land by defendant in farming, sought to be enjoined, interfered with the only use of the land to which plaintiff had right as against such farming. Defendant had the right to farm this land so long as such use by him did not interfere with plaintiff's right to make improvements on the

property preparatory to the development of the coal and minerals under this same property. It does not appear that plaintiff's alleged improvements, interfered with by defendants farming, were preparatory to such development. The gravamen of plaintiff's bill is that the defendant's plowing interfered with its development of a much larger territory than the land in question, and operations which are shown clearly to relate to coal under lands not embraced in the clause of the deed under consideration. This clause gave plaintiff no right; as against defendant's proper use, for the purpose of making improvements relating to the development of coal under any other land.

The bill not showing that plaintiff's rights in the land, dominant over defendant's right to farm thereon, were interfered with by defendant, the dissolution of the injunction, upon that ground alone, was proper. "When a plaintiff in equity does not, in his bill, show a case for relief, whether any exception has been taken or not, an injunction granted is properly dissolved on the hearing." *Morehead* v. *DeFord*, 6 W. Va. 316. "It is not error to dissolve an injunction when the bill is barren of equity." *Null* v. *Elliott*, 52 W. Va. 229.

This conclusion makes it unnecessary to consider other matters advanced in argument against the case of plaintiff. We affirm the order dissolving the injunction.

*Affirmed.*