## 2167. JOHNSON v. THE STATE.

1. If, in a criminal case brought in a county court, the solicitor offers to amend the accusation, and the court allows it, and the defendant is convicted and takes the case by certiorari to the superior court, the defendant is not entitled to a discharge by the judge of that court, whether the amendment was allowable or not. The grant of a new trial is as much as the defendant can legally ask.
2. Where, on arraignment, the prisoner stands mute, this is equivalent to filing a plea of not guilty, and the clerk of the court should record upon the minutes the fact that the defendant pleaded not guilty, or (what is the same thing) that he stood mute; but if the clerk fails or neglects to record the arraignment and the plea at the time, it does not vitiate the trial, and the clerk's omission may be cured at any time thereafter by an order nunc pro tunc. Penal Code, §§ 946, 947, 948.
3. There was sufficient evidence to authorize the conviction, but the judge of the superior court had the power to grant a new trial on the facts, in his discretion.
4. The manufacture of intoxicating liquor in the month of July, 1909, was a violation of law in this State, and an accusation charging the defendant with that act was good as against a motion in arrest of judgment.

Certiorari; from Pulaski superior court—Judge Martin.    September 1, 1909.

Submitted October 25,—Decided November 9, 1909.

*H. L. Grice, H. F. Lawson,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

POWELL, J. The defendant was charged in a county court with the manufacture of intoxicating liquor. The accusation as originally filed charged that the defendant and another committed the offense. Before arraignment the name of the other person was

stricken, and the defendant alone was called to trial.    The accusa-
tion, which was dated August 3, 1909, originally charged that the
offense was committed on July 16, 1909.    Some time during the
trial (whether before or after arraignment is uncertain, because
the judge answered in one place admitting the allegation of the
petition that it was after arraignment, and in another said that it
was before), the date appearing in the accusation was changed by
amendment.    The figure 16 was stricken and figure 11 inserted.
The prisoner refused to waive arraignment, and the solicitor read
the accusation to him and inquired whether he was guilty or not
guilty.    Upon advice of his counsel, he stood mute.    The court
construed this to be a plea of not guilty and ordered the trial to·
proceed.    It is unnecessary to set out the evidence adduced on the
trial, further than to say that if the witnesses were credible, the
proof of his guilt was clear, and that he made no statement what-
ever.    Certain exceptions to the testimony appear in· the record,
but the judge does not verify the exceptions so taken.    A verdict
of guilty was returned; and a motion in arrest of judgment was
filed, on the ground that the accusation set out no offense.,    The
defendant brought the case by certiorari to the superior court, and
the judge sustained the certiorari and ordered a new trial.    The
order was general, no specific reason being assigned.    The defend-
ant excepted to the judgment, on the ground that he ought to have
been discharged, and not merely granted a new trial.

The judge of the superior court on certiorari, in a criminal case,
has broad control over it.    See *Johnson* v. *Atlanta, 6 Ga. App.* 780
(65 S. E. 810).    However, his action will not be reversed when he
sustains a certiorari and orders a new trial in the court below, un-
less there is some controlling question of law by reason of which
the conviction of the defendant, on another trial, either with or
without amendment of the pleadings, is legally impossible.    Of
course, in the sentence just used, the word "amendment" means
such amendment as may be made legally.    We are led to believe
that the judge granted the new trial on account of the amendment
which/was allowed to the accusation.    Accusations may be amended
in form or in substance at any time before there has been a plea
to the merits.    Whether they may, after arraignment, be amended
in form alone, it is unnecessary for us to ·decide; of course they
can not be amended in substance.    It may be noted, however, in

4

the present case, that the amendment was wholly immaterial, inasmuch as both dates, the one stricken and the one inserted, were within the statute of limitations. Usually the time alleged in an accusation or indictment is immaterial, provided the date named is within the statute, for the solicitor may prove the crime as having been committed on any date within that period; but, as we have just said, it is unnecessary to decide this question, because the judge did grant a new trial. The defendant could not ask for more. If the amendment was permissible, he certainly could not complain of the grant of a new trial. If the judge of the county court erred in allowing the amendment, the effect of sustaining the certiorari containing the exception to the allowing of the amendment was to strike the amendment and to leave the accusation as it stood originally. Therefore, in any view of the case, it was proper to order the new trial, to the end that the defendant might be tried upon the accusation as it legally stood. The new trial having in fact been granted, and the accusation being freely subject to amendment at any time before the new arraignment takes place, the question becomes academic. The fact that the defendant remained mute, and that the clerk failed to record this upon the minutes, is not even ground for a new trial, much less ground for an absolute discharge. Sections 948 and 949 of the Penal Code fully cover this matter. The headnotes make the other points involved in the case sufficiently clear without further elaboration.

*Judgment affirmed.*