### 6244.   SAILERS *v.* THE STATE.

RUSSELL, C. J.   The court did not err in overruling the defendant's motion for a new trial, based upon newly discovered evidence. The affidavit of one of the alleged newly discovered witnesses contains testimony which is merely impeaching in its nature, while the other, besides being of a like nature, attempts to set forth the substance of a conversation and agreement between the prosecutor and the defendant in the presence of the witness before the trial, and therefore could not, as to the defendant, have been newly discovered.                    *Judgment affirmed.*
DECIDED MAY 3, 1915.

Accusation of misdemeanor; from city court of Jefferson—Judge Johns. December 14, 1914.

*W. W. Stark,* for plaintiff in error.

*P. Cooley, solicitor,* contra.

---

### 6283.   KEMP *v.* THE STATE.

WADE, J.   1. The conviction of the offense of selling intoxicating liquor was authorized by direct proof showing the commission of the crime by the accused at a time within two years prior to the finding of the indictment. *Cripe* v. *State,* 4 *Ga. App.* 832 (62 S. E. 567); *Wheeler* v. *State,* 4 *Ga. App.* 325 (61 S. E. 409); *Johnson* v. *State,* 7 *Ga. App.* 48 (66 S. E. 148).

2. While the evidence was weak, the jury found it sufficient and resolved all doubts against the defendant; and their verdict, having been approved by the trial judge, will not be set aside by this court.
*Judgment affirmed.*
DECIDED MAY 3, 1915.

Indictment for sale of liquor; from Liberty superior court—Judge Larsen presiding. December 15, 1914.

*W. C. Hodges,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.