### 24341. CHAMBLEE *v.* THE STATE.

GUERRY, J. The defendant was convicted of the offense of the possession of intoxicating liquors. The brief of evidence contained in the record before this court is as follows: "Branson Washington testified that sometime in August, 1933, he found the defendant Brown Chamblee in possession of a scant pint bottle of whisky. —— Chesser testified that he went to the home of Brown Chamblee on the 9th of October, 1933, and bought a bottle of whisky, that —— Trammell was with him, and he drank enough of the whisky to make him, Trammell, drunk. —— Trammell testified that sometime in December, 1933, he went to the home of Brown Chamblee with the said Chesser, and saw Brown Chamblee, the defendant, sell to Chesser a bottle of whisky, and this sale and possession was in Floyd county, Ga. The defendant, Brown Chamblee, made a statement denying that he ever sold whisky to either of the witnesses, Trammell or Chesser, and said that he was not guilty of the offense charged." *Held:*

1. In the trial of one charged with the possession of intoxicating liquors, the State is not restricted to proof of possession on the date named in the indictment but may show such possession at any time within two years prior to the return of the indictment. *Kemp* v. *State*, 16 *Ga. App.* 251 (85 S. E. 90), and cit.

2. There was direct evidence of the commission by the defendant of the offense charged. The law with reference to the proof necessary in cases dependent solely on circumstantial evidence, as contained in the Penal Code (1910), § 1010, was therefore not applicable. *Wilson* v. *State*, 152 *Ga.* 337 (110 S. E. 8).

3. The possession by the defendant of intoxicating liquors in violation of the act of 1917 (Ga. L. Ex. Sess. 1917, pp. 7, 8) was shown. The venue was properly laid. No error of law having been committed, this court can not interfere with the verdict.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED NOVEMBER 22, 1934. REHEARING DENIED DECEMBER 17, 1934.

*John Camp Davis,* for plaintiff in error.
*James F. Kelly, solicitor-general, J. Ralph Rosser,* contra.