MAYOR AND ALDERMEN OF SAVANNAH *v.* COLDING *et al.*

GILBERT, Justice. This is an equitable proceeding in which petitioners assert ownership of a lot in a public cemetery in Savannah, it being alleged that the title is derived from the City of Savannah. The prayers are: (a) that title to the lot be decreed to be in petitioners; (b) that the city be permanently enjoined from interfering with petitioners in the enjoyment of said lot, and from interfering with them while they are causing to be removed from said lot bodies of deceased persons alleged to have been illegally interred in said lot and without authority. The city filed a general demurrer which was overruled, and it excepted. *Held:*

1. "One who purchases a lot in a public cemetery for burial purposes, though the right of interment therein be exclusive, does not acquire any title to the soil, but only a mere easement or license." *Stewart* v. *Garrett*, 119 *Ga.* 386 (46 S. E. 427, 64 L. R. A. 99, 100 Am. St. R. 179); *Nicolson* v. *Daffin*, 142 *Ga.* 729, 732 (83 S. E. 658, L. R. A. 1915E, 168); *City Council of Augusta* v. *Bredenberg*, 146 *Ga.* 459 (91 S. E. 486).

2. The petition does not allege that the city, which is the only defendant, makes any claim of right, title, or interest in the lot.

(a) It is a general rule that municipalities, under their authority to protect the health of its citizens, have the right to control, by reasonable regulations, the interment and disinterment of bodies in public or municipal cemeteries.

(b) While the petition alleges that the city has permitted persons to use the said lot for interment purposes, contrary to the wishes and desires of petitioners, and that the interment of such bodies was illegal, and that the city has refused to permit petitioners to cause the bodies to be removed, or to remove them itself, petitioners fail to allege that they have complied with such regulations as are lawfully required by the city as to disinterment of bodies.

(c) The court erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness, and Hutcheson, J., who dissents.*

No. 10845. OCTOBER 16, 1935.

*Shelby Myrick* and *J. C. Hesler,* for plaintiff in error.
*Aaron Kravitch,* contra.