## 28046. HENNON *v.* THE STATE.

DECIDED JANUARY 31, 1940. REHEARING DENIED MARCH 30, 1940.

*John Camp Davis,* for plaintiff in error.

*J. Ralph Rosser,* solicitor-general, *J. Sante Crawford,* contra.

MacINTYRE, J. The defendant was convicted of a misdemeanor under the act of 1938 (Ga. L. Ex. Sess. 1937-38, p. 103), in Floyd, a dry county, of the offense of unlawfully having in his possession,

custody, and control, on July 1, 1939, more than one quart of whisky. He excepted to the overruling of his motion for new trial based solely on the general grounds.

The evidence disclosed that on July 1, 1939, the defendant's place of business in Floyd County, a dry county, was raided, and two four-fifths-of-a-quart bottles of whisky were found. It also appears from the evidence that on the first or second of April, 1939, almost two cases of whisky were found at the defendant's same place of business. The defendant contends that the conviction can not stand on the evidence of the two cases of whisky, and that the two four-fifths quart bottles of whisky were satisfactorily explained to be legal, and "that the court in his charge should have carefully confined the jury to the legitimate purpose for which the evidence concerning the two cases of whisky might be used." The contention with reference to the charge, being raised for the first time in the defendant's brief, can not be considered by this court. *Cason* v. *State*, 60 *Ga. App.* 626 (4 S. E. 2d, 713). However, it is to be noted that the accusation was general in its nature, and included the illegal possession of intoxicating liquors (more than one quart bought from a lawful authorized retailer and properly stamped) on any date within two years before the filing of the accusation, and proof of possession on any of such dates did not involve the question of "other crimes," because it is the same crime charged in the accusation, and as against another prosecution for it a plea of autrefois convict or acquit would be good. *Henley* v. *State*, 59 *Ga. App.* 595, 598 (2 S. E. 2d, 139).

It is true that under the act of 1938 (Code, § 58-1077) "one quart of alcoholic liquor may be lawfully possessed in a county which has not legalized the sale and possession of such liquor, provided such liquor so possessed or controlled has been purchased by such person from a lawful and authorized retailer and is properly stamped." *Barfield* v. *State*, 59 *Ga. App.* 383 (2) (1 S. E. 2d, 47). However, even if the defendant in the instant case sufficiently sustained this defensive proviso of the act, it is to be remembered that the law as to possession of whisky in counties which have not legalized the sale thereof is still a general law as to those counties, and in the trial of one charged with possession of intoxicating liquors the State may prove illegal possession of whisky at any time within two years before the return of the indictment, and

it is not restricted to proof of possession on the date named in the indictment. *Barfield* v. *State,* supra; *Cole* v. *State,* 120 *Ga.* 485 (48 S. E. 156); *Chamblee* v. *State,* 50 *Ga. App.* 251 (2) (177 S. E. 824); *Kemp* v. *State,* 16 *Ga. App.* 251 (85 S. E. 90), and cit. It appearing that the defendant in the instant case possessed in a dry county more than one quart of whisky, and such possession having been proved to be within two years before the return of the indictment, we are of the opinion that the evidence authorized the verdict, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*