28664.    ABEL *v.* THE STATE.

DECIDED MARCH 5, 1941.

*Hallie B. Bell,* for plaintiff in error.

*O. L. Long Jr., solicitor, R. H. Casson,* contra.

MACINTYRE, J.   M. V. Abel was charged with the offense of misdemeanor, for that he did "unlawfully follow the occupation of plumbing for hire and pay, . . without first registering his name in a book kept by the county health officer for that purpose, and without having obtained a bond permit as a plumber, and without furnishing a guarantee bond in the sum of $3000 for the faithful observance of the rules and regulations of the Joint Board of Health of the County of Bibb and City of Macon, after having been served personally with a copy of said rules approved by three physicians, and after said rules have been posted at the court-house door and published in the newspaper in which sheriff's advertisements are published." The defendant's demurrers to the accusation were overruled, and he excepted.

The Code provides in effect how the board is created, its membership, the terms of office of its members, how vacancies are filed, and further provides: "The county boards of health shall have supervision over all matters relating to health and sanitation in their respective counties, with authority to declare and enforce quarantine therein subject to the provisions of this law." § 88-201. "The county boards of health of the several counties shall have full power and authority to adopt, enact, establish, and maintain all such rules and regulations, not inconsistent with the laws and constitution of this State and of the United States, as they may deem necessary and proper for protecting the health of their respective counties, and for preventing the introduction, generation, and spread of infectious and contagious diseases therein; Provided, that such rules and regulations shall not apply to any incorporated city or town." § 88-203. "Said county boards of

health shall have power and authority to alter, amend, add to, or repeal such rules and regulations, from time to time, as they may deem necessary and proper for the purpose of chapters 88-2 and 88-3." § 88-204. "Such rules and regulations as may be established for any county, under the provisions of chapters 88-2 and 88-3, and any amendments or alterations thereof, before the same shall have the force of law, shall have the written approval of not less than three reputable physicians of the county, and shall be posted at the court-house door of the county and also published at least once in the newspaper of the county in which the sheriff's notices are advertised." § 88-205. Section 88-9902, under which the defendant is charged, declares: "Any person who shall violate any one or more of the sanitary rules and regulations adopted by county authorities, mentioned in sections 88-203 to 88-205, after being personally served with a written or printed copy of the same, shall be guilty of a misdemeanor." This case was first carried to the Supreme Court, and by it transferred to this court, for the reason that no constitutional question of which the Supreme Court had jurisdiction was properly raised. *Abel* v. *State,* 190 *Ga.* 651 (10 S. E. 2d, 198). Therefore we are not concerned with the constitutionality of any statute relating to the board of health in question. But we are concerned with the question raised in the demurrer as to whether the rules and regulations adopted by the board of health created by the statute are so unreasonable as to make them invalid and void.

"Municipal ordinances must be reasonable. The limitations of the power of a city council in this regard are not to be measured by the more extensive powers of the State legislature." *Atlantic Postal Telegraph-Cable Co.* v. *Savannah,* 133 *Ga.* 66, 71 (65 S. E. 184) ; *City of Acworth* v. *Western & Atlantic Railroad Co.,* 159 *Ga.* 610, 619 (126 S. E. 454). "Municipal ordinances are void if they violate constitutional rights. They are also invalid if they are unreasonable. The courts may declare a municipal ordinance void as unreasonable, without declaring it unconstitutional." *Richardson* v. *Coker,* 188 *Ga.* 170, 175 (3 S. E. 2d, 636). When a statute is duly enacted, it becomes controlling with respect to the matter to which it properly relates, and it is absolute until again changed by like legislative authority, unless it transcribes certain fixed constitutional provisions. 59 C. J. 523, § 8 (45). "The

constitution having clothed the legislature with the State's power to legislate, that body may make any laws which it deems proper, unless in conflict with the [Georgia] constitution itself, or with the constitution of the United States, or laws enacted by Congress in pursuance thereof." *So. Ry. Co.* v. *Melton,* 133 *Ga.* 277, 282 (65 S. E. 665). The courts will undertake to enforce the legislative intent of a statute where they can ascertain it; yet, of course, where the terms of the statute are so vague as to convey no definite meaning to those who execute it, it is inoperative. 59 C. J. 601, § 160 (14). Thus our Supreme Court has said: "A statute can not be declared unconstitutional because it is vague, meager, or indefinite. Such defects may be urged as a ground of demurrer, on the theory that the allegations of the indictment are insufficient to constitute a crime." *Carr* v. *State,* 176 *Ga.* 747 (2) (169 S. E. 201). Therefore, where a statute is so imperfect as to render it impossible of execution, or so uncertain that it is impossible to ascertain the legislative intent, it is not necessarily unconstitutional, but it is inoperative. We do not believe that a statute can be attacked merely because it is unreasonable; for the powers of the legislature are such that it may make any laws which it may deem proper, unless they transcribe fixed constitutional limitations. But in the case of an ordinance, passed under the purported authority of a general-welfare clause, the rule is different; for the general-welfare clause does not authorize the passage of an unreasonable ordinance, and the courts can determine the reasonableness or unreasonableness of the ordinance. The delegation of the authority to the city council in such a case is not absolute. However, if a constitutional question is properly raised, the unreasonableness of the statute may sometimes be pertinent and (in a measure) persuasive on the constitutional question thus raised. *Carey* v. *Atlanta,* 143 *Ga.* 192, 199 (84 S. E. 456, L. R. A. 1915 D, 684, Ann. Cas. 1916 E, 1151). But after all, to justify a court in declaring a statute void, it must be properly attacked as in conflict with the State or the Federal constitution, or a law enacted by Congress in pursuance thereof. But where boards of health are created by statute, and duly adopt rules and regulations by virtue of the legislative authority, they may yet be attacked, like ordinances, as being unreasonable, without attacking them as being unconstitutional.

Speaking in general terms, it may be said that no one questions the existence of the right of every person to follow any legal occupation for the purpose of earning his own living or for any other lawful purpose. It is a sacred right and is protected by the State and national constitutions. But, sacred as this right may be, it is not absolute. Like almost every other individual right, it must yield to the right of the government to impose such reasonable restrictions as are required for the protection of the public health, public safety, and public morals, or, in other words, it must yield to the police power. Thus, when we are considering the right to legislate in the interest of public health, public safety, and public morals, the court should interpret broadly and liberally. But, generally speaking, when we include in this the right to impose reasonable regulations in matters otherwise in the interest of the public welfare, the words of the regulation should be determined with some strictness, so as not to include everything that might be enacted or adopted as a regulation by such subordinate division of government on the ground of mere expediency. Commonwealth v. Beaulieu, 213 Mass. 138, 142 (99 N. E. 955, Ann. Cas. 1913E, 1080). "Plumbing is a business which affects public health, and is therefore subject to regulation under the police power." Felton v. Atlanta, 4 Ga. App. 183, 185 (61 S. E. 27); Cutsinger v. Atlanta, 142 Ga. 555, 563 (83 S. E. 263, L. R. A. 1915B, 1097, Ann. Cas. 1916C, 280); Abbott v. Commissioners of Fulton County, 160 Ga. 657 (3) (129 S. E. 38); Maner v. Dykes, 55 Ga. App. 436, 438 (190 S. E. 189); Williamson v. Housing Authority of Augusta, 186 Ga. 673 (4), 681 (199 S. E. 43). Thus, "While the regulation must be reasonable and not arbitrary, yet regulations may be sustained as being reasonable as applied to such occupations [as the sale of "near beer," affecting public morals; or plumbing, affecting public health], which would be void for unreasonableness if they were made to relate to callings of a different nature," such as the occupation of photography. Campbell v. Thomasville, 6 Ga. App. 212, 230 (64 S. E. 815). See Bramley v. State, 187 Ga. 826 (2 S. E. 2d, 647). "The preservation of the public health is one of the duties devolving upon the State as a sovereign power. In fact, among all of the objects sought to be secured by governmental laws, none is more important than the preservation of the public health; and an imperative ob-

ligation rests upon the State, through its proper instrumentalities or agencies, to take all necessary steps to promote this object. The enactment and enforcement of health measures find ample support in the police power which is inherent in the State and which the latter cannot surrender." 25 Am. Jur. 287, § 3. "Health regulations are of the utmost consequence to the general welfare; and if they are reasonable, impartial, and not against the general policy of the State, they must be submitted to by individuals for the good of the public, irrespective of pecuniary loss. This is so whether the regulations are made by the legislature or by an agency delegated by it to act. Such regulations will be sustained, if upon a reasonable construction there appears to be some substantial reason why they will promote the public health and if they are reasonably adapted to or tend to accomplish the result sought." Id. 299, § 21.

In the instant case the attack is on the regulations of a board of health created, not by a city ordinance or subordinate division of the government, but by the legislature, a statute, and acting under the legislative authority; and. the person attacking has the burden of establishing the invalidity of the health regulations. Such regulations will be sustained if they be reasonably adapted to secure the object in view, that is, the preservation of public health, and yet do not unreasonably interfere with the liberty, property, or business of the citizen; and the question for the court to determine is whether such regulations are reasonable, impartial, and consistent with the policy of the State. Blue v. Beach, 155 Ind. 121 (56 N. E. 89, 50 L. R. A. 64, 80 Am. St. R. 195). Here no constitutional question is properly raised; and, where the question to be determined is as to the reasonableness of the health regulations, the court should restrict itself to this issue, and not substitute its judgment for the judgment of the board of health as to what is merely an expedient or inexpedient regulation. The question for the court is reasonableness or unreasonableness, not expediency or inexpediency. We do not think that the amount of the bond ($3000) required by the regulation is, on its face, excessive and unreasonable, so as to require a plumber in a large and populous community like the one in Bibb County to observe plumbing regulations otherwise reasonable. *Campbell* v. *Thomasville,* supra. See *Bearden* v. *Madison,* 73 *Ga.* 184. Then, if the

$3000 bond is not an unreasonable requirement, is it unreasonable to require a permit to be obtained by plumbers (which, as we understand it, is called a bond permit), in view of the fact that the bond must be given as a prerequisite to the granting of the permit? We think not. Then, is a requirement unreasonable that the defendant register in a book kept by the Board of Health for that purpose, so that perhaps one wishing to employ a plumber might ascertain if he was an accredited plumber under the above rules and regulations? We do not think this is an unreasonable requirement. None or all of the three requirements taken together are unreasonable. The case of *Richardson* v. *Coker,* supra, cited by the plaintiff in error as upholding his contention with reference to this phase of the case, is differentiated from the instant case, in that there the regulation which was declared invalid was vague, indefinite, and uncertain, in that it was dependent upon the discretion or judgment of a board as to the ability of the applicant as to whether he might "be reasonably expected to satisfactorily complete any contract he enters into with the citizens of Atlanta." The ordinance or regulation went beyond the extent that was necessary reasonably to insure public safety, and entered into the realm of mere expediency. Here the regulation was definite, impartial, and consistent with the policy of the State. Plumbing bears so close a relationship to the public health that its regulation as to those working at the plumbing trade is subject to legislative control within reasonable limits. *Bramley* v. *State,* supra, is likewise differentiated from the instant case, in that there the court held that the statute, by excluding from the practice of photography for profit all persons who had not complied with the provisions of the act, imposed an unwarranted restriction upon the right of a citizen in an innocent and lawful business, which business bore no relationship to public health, morals, and safety, while here the statutory provisions bore a close relationship to the public health.

■ Other grounds of demurrer were that the accusation did not set forth any crime under the laws of Georgia; that it failed to attach a copy of names registered in the book kept by the county health officer; that it did not set forth the rules and regulations of the Board of Health; that the defendant is entitled to have this information in order to prepare his defense; that the

accusation did not set forth the time, place, and manner of the plumbing work and for whom the work was performed; that the defendant is not able to intelligently prepare his defense without this information; and that the accusation is not exact enough to protect the defendant from a second jeopardy. The accusation alleged that the defendant had been served with a copy of the plumbing rules and regulations, and that they were otherwise published as required by the statute. The accusation "need not show the law on which it is predicated." *Lee* v. *State,* 184 *Ga.* 327 (2) (191 S. E. 256). Nor is it necessary to spread out therein the evidence upon which the State relies for conviction. *Dowda* v. *State,* 74 *Ga.* 12. Here the accusation alleged the ultimate facts that constituted the essential elements of the crime, and the State does not have to allege the evidentiary facts which establish those ultimate facts. Bishop's Directions and Forms (2d ed.), 18, § 36; *Glover* v. *State,* 126 *Ga.* 594, 597 (55 S. E. 592). The accusation is exact enough to protect the defendant from a second jeopardy. It is general in its terms, and the State would be permitted to show by evidence the commission of the alleged misdemeanor by unlawfully following the occupation of plumbing for hire without registering, obtaining a permit, and giving a bond, as alleged in the accusation, at any time within two years before the filing of the accusation. However, the law allows him the resulting advantage that but one judgment can be given under the same accusation; and though he may have committed many misdemeanors by unlawfully following the occupation of plumbing for hire, without registering and obtaining the permit and giving the bond, as alleged in the accusation, within said two-year period, a conviction as to one would protect him as to all, and he could not again be convicted for any misdemeanor covered by the accusation which happened within two years previous to the filing of the said accusation; and as against another prosecution for it, a plea of autrefois convict or autrefois acquit would be good. *Bryant* v. *State,* 97 *Ga.* 103, 105 (25 S. E. 450); *Hancock* v. *State,* 114 *Ga.* 439 (3), 443 (40 S. E. 317); *Witt* v. *Baker,* 13 *Ga. App.* 396, 401 (79 S. E. 243); *Hennon* v. *State,* 62 *Ga. App.* 485 (7 S. E. 2d, 921). The accusation is not demurrable on the ground that it does not set forth the time, place, and manner of work, and the person for whom the alleged .

456

plumbing was done. *Wells* v. *State,* 118 *Ga.* 556 (45 S. E. 443) ; *Williams* v. *State,* 89 *Ga.* 483 (15 S. E. 552) ; *Lee* v. *State,* 184 *Ga.* 327 (191 S. E. 256). *Hawkins* v. *State,* 58 *Ga. App.* 386 (198 S. E. 551). None of the other grounds of demurrer to the accusation are meritorious, and the judge did not err in overruling them.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*