RIVERS *v.* GREENWOOD CEMETERY INC. *et al.*

No. 14219.   September 22, 1942.

*Barrett & Nall,* for plaintiff.

*Prestwood & Hall, Spalding, Sibley, Troutman & Brock,* and *Harvey Hill,* for defendants.

ATKINSON, Presiding Justice. The authorities are to the effect that a dead body is quasi property over which the relatives of the deceased have rights which the courts will protect. See *Louisville & Nashville R. Co.* v. *Wilson,* 123 *Ga.* 62 (51 S. E. 24, 3 Ann. Cas. 128). The right to the possession of the dead body of his wife for the purpose of preservation and burial belongs to the husband. *Medical College of Ga.* v. *Rushing,* 1 *Ga. App.* 468 (57 S. E. 1083). Where one is permitted to bury his dead in a public cemetery by the express or implied consent of those in control of it, he acquires a sort of possession in the spot in which the body is buried. *Jacobus*

v. *Congregation of Israel,* 107 *Ga.* 518, 520-521 (33 S. E. 853, 73 Am. St. R. 141). B. H. Hambrick owned no title to the burial lot from which the removal was sought, but only a mere easement or license. *Mayor &c. of Savannah* v. *Colding,* 181 *Ga.* 260 (181 S. E. 821), and cit. As a corollary to the foregoing proposition, it would seem to follow that the husband has the right to remove the remains of his wife from the spot where they first reposed and reinter them elsewhere; provided this right be exercised in a proper manner, and from motives which do not appear to be unreasonable. According to the allegations of the petition the place of original burial was by the husband selected under a misapprehension. His desire is to remove them a few feet away to an adjoining lot purchased by him, where is room for his own body also to be buried in the future. As to the right of the surviving spouse, over the objection of other near kindred, to remove the body of the other from the place of its first interment, the decisions from other jurisdictions are not in harmony. Numerous rulings on the question may be found in the notes appended to the reports of the following cases: Sherrard *v.* Henry, 21 A. L. R. 645; Sacred Heart *v.* Soklowski, 33 A. L. R. 1427; Perez *v.* Gil, 35 A. L. R. 43; Yome *v.* Gordon, 47 A. L. R. 1165; Pettigrew *v.* Pettigrew, 207 Pa. 313 (56 Atl. 878, 64 L. R. A. 179, 99 Am. St. R. 795). On the general subject see Grinnan *v.* Fredericksburg Lodge, 118 Va. 588 (88 S. E. 79, Ann. Cas. 1918D 729) ; 18 Abbotts New Cases, 75.

While the right of removal is not uniformly recognized as an absolute one belonging to the surviving husband or wife, many courts have held, under circumstances which, although not exactly the same as those presented in the instant case, nevertheless afforded grounds no less reasonable and sound, that the reinterment should be permitted. To permit the husband to reinter the body is but to grant him a right to exercise his choice as to the place of burial on a lot owned by him, and on a spot which would permit his body, when his own death occurs, to be placed near by. According to the petition, he thought, at the time of the original burial, the above two objects were accomplished. He seeks now no profanation, or any indignity to the dead, but merely the fulfillment of his original purpose.

It was erroneous to dismiss the action.

*Judgment reversed. All the Justices concur.*