## 34701. TEASLEY v. MATHIS.

UNDERCOFLER, Presiding Justice.

Lucius Teasley, appellant, raised the question in the trial court whether the Georgia "no fault" automobile insurance law is unconstitutional because it disallows an accident victim who does not sustain "serious injury" from suing for exemplary damages. Summary judgment was granted against Teasley, sustaining the no fault law. He appeals. We affirm.

Teasley's car was struck from behind by appellee Mathis' while driving in Bibb County. Teasley's losses,

---

which did not include "serious injury"[1] under the statute, were paid by his insurer according to the Act. Georgia Motor Vehicle Accident Reparations Act (Ga. L. 1974, p. 113 et seq.; Code Ann. Ch. 56-34B). He then sued Mathis for actual and exemplary damages, alleging gross negligence for speeding and driving while under the influence, and asserting the no fault statute was constitutionally defective in denying him due process, equal protection and access to the courts.

This court has previously considered the constitutionality of the Georgia Motor Vehicle Accident Reparations Act and has upheld it. *Andrew v. State,* 238 Ga. 433 (233 SE2d 209) (1977) (mandatory requirement); *Williams v. Kennedy,* 240 Ga. 163 (240 SE2d 51) (1977) ("serious injury"); *Cannon v. Ga. Farm Bureau Mutual Ins. Co.,* 240 Ga. 479 (241 SE2d 238) (1978) (survivor's benefits). The constitutionality of the statute has not been considered on the issue of exemplary damages. The Court of Appeals, however, has ruled that exemplary damages are "noneconomic losses"[2] not recoverable where the no fault provisions are applicable. *Griffin v. Wittfield,* 143 Ga. App. 485 (238 SE2d 589) (1977). It is this ruling that Teasley claims renders the no fault Act unconstitutional.

---

[1] " 'Serious injury' means an accidental bodily injury which results in death, a fractured bone, permanent disfigurement, dismemberment, permanent loss of a bodily function, permanent partial or total loss of sight or hearing, injury resulting in reasonably incurred medical expenses exceeding $500, or an injury resulting in disability for not less than 10 consecutive days. An injured person who is furnished the services described in section 56-3403b (b) without charge or at less than the average reasonable charge therefor in this State shall be deemed to have sustained a serious injury if the fair and reasonable value of such services exceeds $500." Code Ann. § 56-3402b (j).

[2] " 'Noneconomic loss' means pain suffering, inconvenience and other nonpecuniary damage recoverable under the tort law of this State." Code Ann. § 56-3402b (1).

1. Teasley's due process and equal protection claims are premised on the public policy underlying exemplary damages, to punish wrongdoers for reckless conduct in an effort to deter such behavior. E.g., *Southern R. Co. v. Moore,* 133 Ga. 806 (67 SE 85) (1909). He asserts that this policy bears no relationship to the objectives of the no fault law, the due process defect, and no relationship to the classes established by the Act on the basis of serious injury, the equal protection defect. We disagree.

The objectives of the "no fault" law are set out in *Cannon v. Ga. Farm Bureau Mut. Ins. Co.,* supra, at p. 482: "The purposes of this no fault statute include the elimination of wasteful litigation over moderate to small claims, and the provision of certain minimal insurance coverage for automobile accident victims. Cf. Prosser, Law of Torts, § 85, pp. 567-568 (4th Ed. 1971). One of the methods for accomplishing the goal of minimizing lawsuits is the provision of rapid payments of pecuniary losses, thus reducing the incentive to sue. *In order to assure that collateral litigation over these payments would be rare, the law specifies the types of payments to be made, and to whom payments are due.* This specification also serves to encourage prompt payments of pecuniary losses. These classifications bear a direct and real relationship to the purposes of the law." (Emphasis supplied.) We cannot say that eliminating the right to sue for exemplary damages is unrelated to these goals.[3] The emphasized language makes clear that one of the purposes of the Act is to do away with collateral litigation in order to effect prompt payments. Therefore, the disallowance of exemplary damages, which would require a jury trial, furthers the purposes of the Act, and thus meets the standards of the due process clause.

For the same reasons, we find that the elimination of the right to sue for exemplary damages is not unrelated to the classes established by these statutes. The General

---

[3]There is no vested right to sue for exemplary damages. *Kelly v. Hall,* 191 Ga. 470 (12 SE2d 881) (1941) (no exemplary damages in libel actions without written notice to the defendant).

Assembly has reasoned that it would be in the public interest to forgo the punitive aspects of this kind of recovery where no serious injury has occurred in order to further the policy objectives met by the no fault law. We find a rational relationship between the elimination of this element of damages and the classes established by the Act and will not substitute our judgment for that of the legislature. The Georgia no fault law, therefore, does not deny Teasley equal protection on this basis.

2. Teasley also argues that the Act is defective in denying him access to the courts and depriving him of his right to a jury trial. The legislature, however, may modify or abrogate common law rights of action (Silver v. Silver, 280 U. S. 117 (50 SC 57, 74 LE 221) (1929); Arizona Employers' Liability Cases, 250 U. S. 400 (39 SC 553, 63 LE 1058) (1918); Munn v. Illinois, 94 U. S. 113 (24 LE 77) (1876)), as well as statutorily created rights, *Kelly v. Hall,* supra. Therefore, eliminating the right to sue for exemplary damages where there are no serious injuries is well within the province of the legislature and Teasley's constitutional challenge on this ground must also fail.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 16, 1979 — DECIDED APRIL 24, 1979.

*Lamar W. Sizemore, Jr.,* for appellant.
*Michael S. Reeves, Donald M. Fain, Arthur K. Bolton, Attorney General,* for appellee.