S93A1129. STATE OF GEORGIA v. MOSELEY et al.
(436 SE2d 632)

SEARS-COLLINS, Justice.

This appeal stems from a products liability action brought against General Motors Corporation by the appellees, Thomas and Elaine Moseley. Following a jury verdict awarding, in relevant part, $101,000,000 in punitive damages against General Motors, the State

of Georgia sought to have the trial court apportion 75 percent of the punitive damages award to the State under OCGA § 51-12-5.1 (e) (2). That statute apportions 75 percent of an award of punitive damages in a products liability action to the State of Georgia and 25 percent to the plaintiff. The trial court, based upon a motion filed by the Moseleys, held § 51-12-5.1 (e) (2) unconstitutional. The State has appealed, contending that the trial court erred in holding the statute unconstitutional. We agree and reverse.

1. At the outset, we note that this Court has held that § 51-12-5.1 (e) (2) does not violate equal protection, does not violate the "Takings" clauses of the United States and Georgia constitutions, and is not a revenue raising measure and thus does not violate Art. III, Sec. V, Par. III of the Georgia Constitution. *Mack Trucks v. Conkle*, 263 Ga. 539, 543-544 (436 SE2d 635) (1993). Accordingly, the trial court's holdings to the contrary in this case are error and must be reversed.

2. The State also contends that the trial court erred by holding that § 51-12-5.1 (e) (2) violates the right to a jury trial as guaranteed by Art. I, Sec. I, Par. XI of the Georgia Constitution. We agree.

Article I, Sec. I, Par. XI provides, in relevant part, that "[t]he right to trial by jury shall remain inviolate." We have construed this provision as guaranteeing the right to a jury trial in those cases in which such a right existed at common law or by statute at the time of the adoption of the Georgia Constitution of 1978. *Benton v. Ga. Marble Co.*, 258 Ga. 58, 66 (365 SE2d 413) (1988). The Moseleys, however, contend that under the common law it was the function of the jury to determine what amount of punitive damages must be awarded to a plaintiff to punish or deter a defendant and that the legislature improperly interferes with that award, and thus violates Art. I, Sec. I, Par. XI, by apportioning 75 percent of the award to the State. The Moseleys, in essence, are asking this Court to rule that Art. I, Sec. I, Par. XI prohibits the General Assembly from abrogating or circumscribing common law or statutory rights of action. We have held, however, that that provision of the Constitution has no such effect, *Teasley v. Mathis*, 243 Ga. 561, 564 (255 SE2d 57) (1979); see also *Ga. Lions Eye Bank v. Lavant*, 255 Ga. 60, 61-62 (335 SE2d 127) (1985), and we decline to part from that rule in this case.

Moreover, we find no violation of the rule of *Benton v. Ga. Marble Co.*, 258 Ga. at 66. A jury determined the amount of damages that the jury believed would serve to punish General Motors and to deter its future conduct. The appellees were entitled to 25 percent of that amount. The appellees thus received a jury trial on the amount of punitive damages to which they were entitled. Under these circumstances, we hold there is no violation of Art. I, Sec. I, Par. XI.

3. The State next contends that the trial court erred by holding

that § 51-12-5.1 (e) (2) violates Art. I, Sec. I, Par. XII, of the Georgia Constitution. We agree. Art. I, Sec. I, Par. XII provides that "[n]o person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Relying on cases from Florida and Texas, the Moseleys contend that this constitutional provision precludes any legislative interference with the amount of punitive damages a plaintiff may recover. However, this Court has concluded that Art. I, Sec. I, Par. XII was never intended to provide an expansive right of "access to the courts" but was only intended to provide a " 'right of choice' (between self-representation and representation by counsel)." *Nelms v. Georgian Manor Condominium Assn.*, 253 Ga. 410, 413 (321 SE2d 330) (1984) (parenthetical in original). Accordingly, in this case, the trial court erred by holding that § 51-12-5.1 (e) (2) violated Art. I, Sec. I, Par. XII.

*Judgment reversed. All the Justices concur. Benham, J., disqualified.*

DECIDED NOVEMBER 22, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993.

*Michael J. Bowers, Attorney General, Michael E. Hobbs, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Mary F. Russell, William M. Droze, Assistant Attorneys General,* for appellant.

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Robert A. Cheeley, Patrick A. Dawson, Albert M. Pearson III, King & Spalding, Byron Attridge, Griffin B. Bell, David Ruprecht, Chilton D. Varner, Kirkland & Ellis, Kenneth W. Starr, Paul T. Cappuccio, Christopher Landau, McCutchen, Doyle, Brown & Enerson, David M. Heilbron, Leslie G. Landau, Cynthia A. Coe,* for appellees.

*Joyce K. Kinnard, Michael Rustad,* amici curiae.