## S98A1032. WELCH et al. v. WELCH et al.
### (505 SE2d 470)

THOMPSON, Justice.

Buena Vista Welch died on July 6, 1994, and was buried at the Blue Heights Baptist Church Cemetery in Mountain City, Georgia. Her will, which was probated in solemn form, stated her wish for "a decent and Christian-like burial . . . at the direction of [her] Executor." Appellant/defendant John Henry Welch is decedent's son and duly appointed executor of her estate; the six appellees/plaintiffs consist of a majority of her remaining children.

Almost two years after the burial, decedent's husband, George Welch, sought and was granted a permit from the Georgia Department of Human Resources ("DHR") to disinter his wife's remains for reburial in land dedicated as the Welch family cemetery in Mountain City, Georgia. This was carried out the following month. George died in August 1996, and was buried beside his wife in the family cemetery.

In May 1997, defendant, who was dissatisfied with his mother's burial site, applied for another permit to disinter his mother's remains for reburial in the Commonwealth of Virginia. Upon learning of their brother's plans, plaintiffs obtained a temporary restraining order from the superior court preventing the disinterment. Following a hearing, the trial court found that defendant had completely satisfied his obligation as executor by directing his mother's burial as instructed by the will. It further determined that after the initial burial and the death of the testator's husband, the right to control the remains rests in the next of kin, upon a showing that disinterment and reburial are justified by laudable purposes or necessity. Defendant appeals from a final order permanently enjoining him from disturbing his mother's remains. We agree entirely with the court's analysis and affirm.

1. The total inadequacy of any remedy at law furnishes sufficient ground under these circumstances for the intervention of a court of equity. See 22A AmJur2d, Dead Bodies, § 134 (equity has jurisdiction to afford relief in cases of threatened disinterment, disturbance, and removal of human remains).

2. In this novel case, we are called upon to determine the respective rights and duties of the executor and next of kin with regard to the disinterment and reinterment of the deceased for the purpose of changing the place of burial.

In *Tully v. Tully*, 226 Ga. 653, 653-654 (177 SE2d 49) (1970), this Court acknowledged that:

"Public policy frowns on the disinterment of a body and its removal to another burial place, and it is the policy of the

law, except in cases of necessity or for laudable purposes, that the sanctity of the grave should be maintained, and that a body once suitably buried should remain undisturbed." [Cit.]

We have also recognized that " 'in the absence of testamentary disposition, a quasi property right [in the body of a relative] belongs to the husband or wife, and, if neither, to the next of kin.' [Cit.]" *Georgia Lions Eye Bank v. Lavant*, 255 Ga. 60, 61 (1) (335 SE2d 127) (1985). Defendant asserts that because he was charged with directing his mother's burial under the will, the "testamentary disposition" language of *Georgia Lions Eye Bank* authorized him to continue to maintain control of the remains of the deceased. We reject such an interpretation. In *Georgia Lions Eye Bank* we upheld on due process grounds the constitutionality of a statute which permits the post-mortem removal of corneal tissue for transplant without notice to next of kin and an opportunity to object.[1] Obviously, that case is not dispositive of the issue now before the Court. More closely analogous is our holding in *Rivers v. Greenwood Cemetery*, 194 Ga. 524, 526 (22 SE2d 134) (1942), where we determined that the right to remove remains from the place of burial belongs to a surviving spouse, if living, or to the next of kin, "provided this right be exercised in a proper manner, and from motives which do not appear to be unreasonable."

In accordance with this procedure, the legislature has prescribed express requirements which must be satisfied to obtain court permission for removal and reburial of a body at another location. See OCGA § 31-10-20 (f). To effectuate the statutory requirements, the DHR promulgated Rule 290-1-3-.23, which provides in pertinent part: "An authorization for disinterment and reinterment of a dead body shall be issued by the local registrar . . . upon receipt of a written application signed by the surviving spouse, or the next of kin in the absence of a surviving spouse."

With the foregoing principles in mind, we hold that if an executor has any duty or authority relating to burial or disposition of a body, that duty or authority terminates after initially discharging any such obligation in accordance with the testamentary direction. Thereafter, disinterment and reburial may be sought by the surviving spouse, or by the next of kin in the absence of a surviving spouse, under the provisions of OCGA § 31-10-20 (f) and DHR Rule 290-1-3-.23. If contested, the trial court must then determine whether the application is sought out of necessity or for laudable purposes. This is

---

[1] See OCGA § 31-23-6 (b) (1).

especially so where the body has been disinterred once previously and removed to a second burial site. See 22A AmJur2d, Dead Bodies, §§ 82 and 98. It follows that the trial court correctly considered the position of the majority of the next of kin in entering a permanent injunction preventing disinterment, and that this ruling did not constitute an abuse of the court's discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 14, 1998.

*Peevy & Lancaster, Gregory W. Lancaster,* for appellants.
*Gary C. Harris,* for appellees.