## A00A0579. WELCH et al. v. WELCH.
(536 SE2d 583)

BARNES, Judge.

Six siblings[1] ("the Welches") appeal from a jury verdict in favor of their brother, John Henry Welch, on their claims against him for trespass, deprivation of property rights, wounded feelings, costs, and

---

[1] Glenda E. Welch, Dorothy Welch, Annie Mae Garrett, Elizabeth Shirley, Sandra Welch Peeke, and Ralph Welch.

attorney fees. The Welches assert 11 enumerations of error in this appeal. Because we find no merit in these enumerations, we affirm the jury's verdict in favor of John Welch.

The record shows that the Welches' dispute with their brother originates from the burial of their mother, Buena Welch. In her last will and testament, Buena Welch appointed her son, John Henry Welch, as the executor of her estate and directed that she be buried in "a decent and Christianlike burial commensurate with [her] standing and condition in life, at the discretion of [her] Executor. . . ." After her death in 1994, John Welch arranged for her burial at the Blue Heights Baptist Church Cemetery in Mountain City, Georgia.

In March 1996, Buena Welch's husband obtained a permit to disinter his wife's remains for reburial in land newly dedicated as the Welch family cemetery in Mountain City. One of the plaintiffs in this lawsuit, Dorothy Welch, holds title to the family cemetery, which is adjacent to the "family homeplace." Buena Welch was the first person buried in the cemetery. Her husband was buried beside her in August 1996.

In 1997, John Welch obtained another permit to disinter his mother's remains and move her to a perpetual care cemetery. He obtained this permit based on his belief that the new family cemetery was unsuitable as a decent and Christian burial site. His main objection was that his mother had been placed in a watery grave. When funeral home employees began disinterring Buena Welch's remains, the Welches filed suit and sought both a temporary and permanent injunction, both of which were granted by the trial court. John Welch appealed to the Supreme Court of Georgia, which affirmed the trial court's grant of the permanent injunction preventing the disinterment. *Welch v. Welch*, 269 Ga. 742 (505 SE2d 470) (1998).

In its opinion, the Supreme Court of Georgia noted that it was dealing with a "novel case" and held for the first time:

> that if an executor has any duty or authority relating to burial or disposition of a body, that duty or authority terminates after initially discharging any such obligation in accordance with the testamentary direction. Thereafter, disinterment and reburial may be sought by the surviving spouse, or by the next of kin in the absence of a surviving spouse, under the provisions of OCGA § 31-10-20 (f) and DHR Rule 290-1-3-.23. If contested, the trial court must then determine whether the application is sought out of necessity or for laudable purposes. This is especially so where the body has been disinterred once previously and removed to a second burial site.

269 Ga. at 743-744. After applying these principles to the case before it, the Supreme Court found that "the trial court correctly considered the position of the majority of the next of kin in entering a permanent injunction preventing disinterment, and that this ruling did not constitute an abuse of the court's discretion." Id. at 744.

After the case was returned to the trial court from the Supreme Court, the Welches pursued their claim against John Welch for $500,000 in damages for trespass, deprivation of property rights, and wounded feelings.

1. The Welches contend the trial court erred in denying their motion for new trial because the Supreme Court "established the defendant's liability in the first appeal." We disagree. The Supreme Court merely held that the trial court did not abuse its discretion when it issued the permanent injunction preventing disinterment.

2. In two related enumerations of error, the Welches complain that the trial court should not have allowed certain testimony by a probate judge. We cannot consider these enumerations because the Welches failed to object contemporaneously to this testimony and preserve it for our review on appeal. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1) (476 SE2d 722) (1996).

3. The Welches further assert that the trial court erred by refusing to give three requested charges to the jury. Our law is well settled that "[a] request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If any portion of the request is inapt or incorrect, denial of the request is proper." (Citation and punctuation omitted.) *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 225 (10) (b) (489 SE2d 329) (1997). Because the charges requested by the Welches fail to meet this standard, the trial court did not err when it refused to give them.

4. We find no merit in the Welches' claim that the trial court erred when it refused to allow their counsel to cross-examine the defendant about admissions made in a draft of the defendant's proposed portion of a pre-trial order. In their brief to this Court, the Welches do not identify these alleged admissions, explain how they are inconsistent with other statements made by the defendant, or make any attempt to demonstrate how any alleged error of the trial court warrants reversal.[2] The scope of cross-examination rests within the discretion of the trial court, and the Welches have failed to demonstrate an abuse of discretion warranting reversal. See *Moore v.*

---

[2] The record citations in the Welches' brief show that their attorney sought to cross-examine the defendant about the lack of an "advice of counsel" defense in one draft of his proposed portion of the pre-trial order. In the final pre-trial order signed by the trial court, the defendant stated that he also relied upon "advice" when he obtained a permit to move his mother's remains to Virginia.

*State*, 251 Ga. 499, 501 (2) (a) (307 SE2d 476) (1983).

5. In two related enumerations of error, the Welches claim the trial court erred when it denied two motions relating to John Welch's alleged advice of counsel defense. In one motion, they moved in limine to prevent the introduction of evidence showing that John Welch "was advised by counsel that, as executor of the Estate of Buena Vista Welch, he had the right to disinter her from her burial site beside her husband." In the other motion, they sought to preclude the defendant from asserting the alleged advice of counsel defense. In the alternative, the Welches, relying on the lawyer-witness rule, asked the trial court to disqualify defendant's counsel because they intended to call him for cross-examination about the advice he gave to the defendant.

In the hearing on these motions, defense counsel explained that John Welch planned to testify that he obtained advice before obtaining the permit to disinter his mother, but not to specify the exact nature of the advice. The purpose of this testimony was to show that Welch "didn't just go out willy nilly." Defense counsel further explained that he might call another attorney, from a different law firm, as a witness. Finally, defense counsel advised the court that he would not be testifying.

The trial court ruled that the defendant could present an advice of counsel defense. It further held that plaintiffs' counsel could cross-examine a lawyer about his legal advice, provided the defendant offered the lawyer as a witness on his behalf. Finally, the trial court precluded plaintiffs' counsel from calling any lawyers of the defendant for purposes of cross-examination.

(a) On appeal, the Welches contend the trial court should have excluded the advice of counsel defense and granted their motion in limine because it was asserted for the first time five days before trial. We find no merit in this argument because the defense was included in the consolidated pre-trial order signed by the trial court. See OCGA § 9-11-16 (b).

(b) The Welches further assert that the trial court erred when it failed to disqualify defense counsel so that plaintiffs' counsel could cross-examine him about the advice he provided to the defendant. Whether an attorney should be disqualified from representing a client rests in the discretion of the trial judge. *Clos v. Pugia*, 204 Ga. App. 843, 845 (1) (420 SE2d 774) (1992). Based on the peculiar facts and circumstances of this case, we find no abuse of discretion.

6. The record does not support the Welches' claim that the trial court erred when it "refused to allow plaintiffs to inquire of a panel member what she had been discussing with the defendant's sister, Daisy Mae Thompson, minutes before the case was called to trial." Instead, it shows that when their counsel questioned the juror at

issue, she explained that she had not spoken to Thompson "in probably a year."

7. Finally, we find no merit in appellants' claim that the trial court erred when it allowed the defendant to cross-examine their counsel about a fee dispute with a former client. Pretermitting whether the trial court erred, we find no harm warranting a new trial because the testimony at issue related to attorney fees. Since the jury found no underlying liability on the part of the defendant, we find no harmful error resulted from the cross-examination of an attorney fees witness.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED JUNE 29, 2000

*Gary C. Harris*, for appellants.
*Peevy & Lancaster, Gregory W. Lancaster*, for appellee.