S91A0662, S91X0663. BAGLEY et al. v. SHORTT et al.; and vice versa.
(410 SE2d 738)

WELTNER, Justice.

1. (a) In an action for bodily injury and wrongful death, the jury returned a verdict of $1,500,000 in compensatory damages and $14,000,000 in punitive damages.[1] The trial court held that OCGA § 51-12-5.1 (g)[2] was constitutional, and reduced the punitive damages award to a total of $1,000,000 ($250,000 to each plaintiff against each defendant).

(b) If punitive damages lawfully may be eliminated, as we held in *Teasley v. Mathis,* 243 Ga. 561 (255 SE2d 57) (1979) (constitutionality of elimination of exemplary damages under no-fault automobile insurance law is not violative of due process, equal protection, or right of access to courts), then they lawfully may be circumscribed, as by OCGA § 51-12-5.1 (g).

2. The remaining issue centers upon the statutory term, "case."

(a) The plaintiffs contend that "case" means "claim," and that the $250,000 limit contemplates an unlimited number of claims against an unlimited number of defendants, and upon an unlimited

---

[1] $5,000,000 in favor of Griffin against Shortt; $5,000,000 in favor of Griffin against Wurst Haus; $2,000,000 in favor of Greeson against Shortt; $2,000,000 in favor of Greeson against Wurst Haus.

[2] For any tort action not provided for by subsection (e) [products liability] or (f) [specific intent to cause harm] of this Code section in which the trier of fact has determined that punitive damages are to be awarded, the amount which may be awarded in the case shall be limited to a maximum of $250,000.00. [Id.]

number of causes of action.

The problem with this view is that the word of the statute is "case," and not "claim."

(b) The defendants insist that the word "case" should be interpreted to mean a single award of punitive damages for a tortious act or occurrence, and regardless of the number of plaintiffs, of causes of action or of civil actions filed. Similarly, two amici curiae contend that the word "case" refers to all claims that derive from a "common nucleus of operative fact."

Under that definition, "case" would refer not to litigation resulting from an occurrence, but to the occurrence itself.

(c) A third amicus curiae suggests, as a possible compromise, a punitive damage maximum of $250,000 against each defendant, notwithstanding the number of plaintiffs.

3. (a) Initially, it might appear that "case" is synonymous with "action," as defined by OCGA § 9-2-1 (1) ("the judicial means of enforcing a right"); or "civil action" ("an action founded on private rights, arising either from contract of tort." OCGA § 9-2-1 (3)). Given such a meaning, the maximum award of punitive damages would be $250,000 — without regard to the number of plaintiffs, the number of defendants, or the number of theories of recovery.

(b) The problem with this interpretation is that it likely would produce a proliferation of case filings. It would encourage the splitting of causes of action with sophistry and quibble that would rival medieval Schoolmen. Surely, it was not the intent of the General Assembly to stimulate the maximum number of civil actions relating to a single occurrence.[3]

4. We hold that the clause, "the amount which may be awarded in the case shall be limited to a maximum of $250,000.00," means that $250,000 is the maximum amount of money that the finder of fact may award to *any one plaintiff* as punitive damages — regardless of the number of defendants, and regardless of the number of theories of recovery "arising out of the same transaction, occurrence, or series of transactions or occurrences."[4]

5. We have reviewed the enumerations of error asserted by Shortt and Wurst Haus and find no reversible error in the denial by the trial court of their motion for a new trial and for judgment n.o.v.

*Judgment affirmed in part and reversed in part in both appeals. All the Justices concur, except Smith, P. J., not participating.*

---

[3] We have noted the ambiguity in this statute. The General Assembly can provide a surer solution.

[4] This last phrase is drawn from OCGA § 9-11-20 (a), relating to permissive joinder of parties.

DECIDED DECEMBER 2, 1991 —
RECONSIDERATION DENIED DECEMBER 18, 1991.

*Butler, Wooten, Overby & Cheeley, James E. Butler, Jr., Robert
D. Cheeley, Patrick A. Dawson, Davis, Gregory & Christy, Hardy
Gregory, Jr., Albert M. Pearson,* for appellants.

*Bovis, Kyle & Burch, Steven J. Kyle, Blasingame, Burch, Gar-
rard & Bryant, J. Ralph Beaird,* for appellees.

*Alston & Bird, G. Conley Ingram, Robert D. McCallum, Jr.,
Daniel A. Kent, Hurt, Richardson, Garner, Todd & Cadenhead, Har-
old N. Hill, Jr., Richard L. Greene,* amici curiae.