A94A0003. TYSON v. BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF GEORGIA.
(442 SE2d 9)

BIRDSONG, Presiding Judge.

This appeal was originally filed in the Supreme Court and was transferred to this court. The case arose out of suit for damages for the attempted rape of plaintiff while she was recovering from spinal surgery in the Medical College of Georgia Hospital, by a prison inmate who had been previously convicted of assault with intent to rape and who had been admitted to the hospital for treatment. Plaintiff/appellant Tyson sued for damages based in part on the hospital's violation of an oral contract for security services, for which appellant paid in her hospital bill. Following a jury verdict for $190,000 compensatory damages, the Supreme Court in an earlier appeal held that the Board of Regents had not waived its sovereign immunity by entering an "oral" contract for security services, and that it had not waived its sovereign immunity by establishing its particular self-insurance plan. *Bd. of Regents v. Tyson*, 261 Ga. 368 (404 SE2d 557).

On remand, the trial court entered a judgment for the Board of Regents based on sovereign immunity. Tyson filed the present complaint as a condemnation proceeding, asserting that the State's use of sovereign immunity to avoid its contract obligations amounted to a taking of property as contemplated by the state and federal constitutions. The trial court granted the Board of Regents' motion to dismiss, on grounds that the State has a right to abolish a tort action or a tort damage. *Bagley v. Shortt*, 261 Ga. 762 (410 SE2d 738); *Teasley v. Mathis*, 243 Ga. 561 (255 SE2d 57); *Kelly v. Hall*, 191 Ga. 470 (12 SE2d 881). *Held*:

The order and judgment of the trial court is affirmed. The legislature's and the judiciary's establishment of and adherence to the rule of sovereign immunity is not a "taking" of property rights required to be compensated by Ga. Const. 1983, Art. I, Sec. III, Par. I. See *Robinson v. City of Decatur*, 253 Ga. 779 (325 SE2d 752). Where the sover-

eign has sovereign immunity from a cause of action, and has not waived that immunity, the immunity rises to a constitutional right and cannot be abrogated by any court. *State Bd. of Ed. v. Drury*, 263 Ga. 429, 430 (437 SE2d 290). Although the Board of Regents argues that theories of res judicata and statutory limitations apply to defeat plaintiff's case, plaintiff has asserted a brand new cause of action, attacking the reliance on sovereign immunity as a "taking of property," and there simply is no cause of action against the Board of Regents for relying on its constitutional rights of sovereign immunity. The trial court did not err in finding that plaintiff's complaint fails to state a claim for which relief can be granted.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED MARCH 4, 1994 —
RECONSIDERATION DENIED MARCH 24, 1994 — ■■■■■■■

*Morris & Webster, Craig A. Webster, Steven R. Webster*, for appellant.

*Michael J. Bowers, Attorney General, Alfred L. Evans, Jr., Senior Assistant Attorney General*, for appellee.