UNITED STATES of America

v.

Tom HENRY, et al.

JoAnn HENRY, third-party Petitioner,

v.

UNITED STATES of America.

No. 3:91–00095.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 19, 1994.

---

Donald E. Dawson, Nashville, TN, for third-party petitioner.

Karen P. Tandy, Washington, DC, Wendy H. Goggin, Nashville, TN, for respondent.

## MEMORANDUM

JOHN T: NIXON, Chief Judge.

Pending before the Court is the United States of America ["the Government"]'s Motion To Dismiss Ancillary Hearing Petition Of Jo Ann Henry (Doc. No. 376), filed on April 22, 1993, to which third-party petitioner Jo Ann Henry filed a Response (Doc. No. 384) on May 22, 1993. On March 16, 1994, the Court heard Oral Argument from the parties on the Government's Motion To Dismiss Ancillary Hearing Petition Of Jo Ann Henry (Doc. No. 376). For the reasons stated below, the Court grants in part and denies in part the Government's motion.

### I. BACKGROUND

Defendant Tom Henry was convicted of Medicare fraud and money laundering and sentenced to a term of imprisonment of fifty-seven (57) months on November 23, 1992. As a result of the jury's verdict, the Court also entered a forfeiture judgment against Mr. Henry pursuant to 18 U.S.C. § 1963 and 21 U.S.C. § 853 in the amount of $191,206.80.

By First Amended Preliminary Forfeiture Order (Doc. No. 313) entered on December 1, 1992, the Court ordered that the following assets be substituted for the forfeiture money judgment:

(1) 101 Ewing Court, Lebanon, Tennessee, including its buildings, appurtenances, easements, and fixtures ["101 Ewing Court"];

(2) Lot No. 23 of South Fork Estates, adjacent to 101 Ewing Court, Lebanon, Tennessee, including its buildings, appurtenances, easements, and fixtures ["Lot No. 23"];

(3) $25,000.00 in currency restrained on or about August 14, 1992, at First American Bank located in Brentwood, Tennessee; and

(4) All equity in State Farm Life Insurance Policy No. LF10182495, a whole life policy in the name of Tom Henry.

On January 15, 1993, third-party petitioner Jo Ann Henry ["petitioner"] filed a Petition For Hearing To Adjudicate Validity of Interest In Property (Doc. No. 352). Petitioner has been married to defendant Tom Henry since November, 1983. The Court granted petitioner's Petition For Hearing by Order entered on March 22, 1993 (Doc. No. 369).

On April 22, 1993, the Government filed a Motion To Continue The Ancillary Hearing (Doc. No. 375), which the Court granted by Order entered on April 28, 1993 (Doc. No. 380). The Government also filed a Motion To Dismiss Ancillary Hearing Petition Of Jo Ann Henry (Doc. No. 376) on April 22, 1993, to which petitioner filed a Response (Doc. No. 384) on May 22, 1993. On July 7, 1993, the Government filed a Reply Brief To Petitioner's Response (Doc. No. 388).

The Court heard Oral Argument from the parties on the Government's Motion To Dismiss Ancillary Hearing Petition Of Jo Ann Henry on March 16, 1994.

## II. ANALYSIS

Under the Comprehensive Drug Abuse Prevention and Control Act, of 1970 ["the Act"], § 101 *et seq.*, as amended, 21 U.S.C. § 801 *et seq.*, any person convicted of a violation under subchapter I or subchapter II of the Act punishable by imprisonment for more than one year shall forfeit to the United States "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation...." 21 U.S.C. § 853(a)(1). Moreover, if due to the acts or omissions of the defendant such property cannot be located, or has been transferred, sold to, or deposited with a third party, the court shall order the forfeiture of any substitute assets of the defendant up to the value of the proceeds derived from the criminal violation. 21 U.S.C. § 853(p).

After the entry of a forfeiture order, any third party asserting a legal interest in the property which has been ordered forfeited to the Government may petition the court for a hearing to adjudicate the validity of the third party's alleged interest in the property. 21 U.S.C. § 853(n). In order to prevail at the hearing, the third-party petitioner must establish by a preponderance of the evidence that:

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section ....

21 U.S.C. § 853(n)(6).

In the instant action, it is undisputed that defendant Tom Henry was convicted of laundering money in connection with Medicare fraud and was sentenced to a forfeiture money judgment in the amount of $191,206.80. Pursuant to 21 U.S.C. § 853(p), the Government secured a forfeiture of substitute assets which the Government alleges Mr. Henry transferred to or deposited with third parties. At issue is whether third-party petitioner Jo Ann Henry may now petition the Court pursuant to 21 U.S.C. § 853(n) for a hearing to adjudicate the validity of her alleged interest in the substitute assets. The Government argues that petitioner's petition must be dismissed because she has failed to state a claim upon which relief may be granted, or alternatively, because she lacks standing.

The Sixth Circuit has interpreted 21 U.S.C. § 853(n) to provide for the dismissal of a third party's petition prior to a hearing where the third party fails to establish a prima facie case of entitlement to the property under 21 U.S.C. § 853(n)(6).[1] *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir.1988). Accordingly, a third party must demonstrate either that she has a legal right, title, or interest in the forfeited property, or that she is a bona fide purchaser for value. *Id.;* 21 U.S.C. § 853(n)(6).

As a preliminary matter, the Court notes that at Oral Argument petitioner withdrew her ancillary claim on State Farm Life Insurance Policy No. LF10182495. Petitioner maintains that she has a legal right, title, and interest on the remaining substitute assets: the property at 101 Ewing Court; Lot No. 23 of South Fork Estates; and $25,000.00 in a safe deposit box at First American Bank in Brentwood, Tennessee.

### 1. *101 Ewing Court*

■ Tom and Jo Ann Henry purchased their residence at 101 Ewing Court in Lebanon, Tennessee, in 1989 for $195,000.00. Prior to purchasing the residence at 101 Ewing Court, the Henry's lived in the residence of Jo Ann Henry at 1404 Linwood Drive in Lebanon, Tennessee. *See* Test. Tom Henry, Tr.Vol. 31, Doc. No. 357, at 2117–18. Petitioner Jo Ann Henry received approximately $69,000.00 from the sale of her home at 1404 Linwood Drive in August or September of 1989. *See* Dep. Jo Ann Henry, Pl.'s Mem.Supp.Mot.Dismiss, Doc. No. 377, Ex. 4, at 11; Test. Tom Henry, Tr.Vol. 32, Doc. No. 278, at 11. It is undisputed that an October 27, 1989, purchase payment for 101 Ewing Court in the amount of $23,951.20 was drawn from petitioner's checking account. In addition, petitioner asserts that she applied a substantial amount of the remaining proceeds from the sale of the home at 1404 Linwood Drive to making improvements and purchasing fixtures for the new residence at 101 Ewing Court.

The Government argues that petitioner's monetary contribution to the purchase price of 101 Ewing Court is marginal and therefore fails to qualify her as a bona fide purchaser for value. The Government points out that petitioner was not employed outside the home, and that defendant Tom Henry was thus the source of most purchase payments.

Upon reviewing the file in this action, the Court rejects the Government's argument. The Sixth Circuit has instructed that "it is appropriate to refer to state law in determining the nature of the property interest claimed by a third party in forfeiture proceedings under 21 U.S.C. § 853(n) and 881(a)(7)." *United States v. Certain Real Property At 2525 Leroy Lane*, 910 F.2d 343, 349 (6th Cir.1990), *cert. denied*, 499 U.S. 947, 111 S.Ct. 1414, 113 L.Ed.2d 467 (1991). *See also United States v. Smith*, 966 F.2d 1045, 1054 n. 10 (6th Cir.1992) (applying Tennessee law governing tenancies by the entirety), *reh'g denied*, (6th Cir. July 15, 1992).

The Court is guided in its determination of petitioner's property interest in 101 Ewing Court by Tennessee law which "specifically recognizes the contribution of a homemaker to the accumulation of property from the earnings of the working spouse." *Harrington v. Harrington*, 798 S.W.2d 244, 245 (Tenn.App.1990); Tenn.Code Ann. § 36–4–121(a)(2)(C), .(c)(5) (1991). If this were a divorce proceeding, the court adjudicating petitioner's interest in the marital estate would presume, unless proven otherwise, that petitioner was entitled to an equal share in 101 Ewing Court. *See Harrington*, 798 S.W.2d at 245 (citing *Kelly v. Kelly*, 679 S.W.2d 458, 462 (Tenn.App.1984); *Salisbury v. Salisbury*, 657 S.W.2d 761 (Tenn.App. 1983)). The Court finds no justification for treating differently a spouse's interest in property which is subject to forfeiture.

Although the record only reflects that petitioner contributed $23,951.20 to the purchase price of the property, the Court finds that petitioner is also entitled to a share of the property purchased with the lawful earnings

---

**1.** By a similar analysis, courts have also dismissed ancillary claims on the grounds that the third-party petitioner lacks standing to assert such claims under 21 U.S.C. § 853(n)(6). *See, e.g. United States v. Lavin*, 942 F.2d 177 (3rd Cir.1991).

of her husband. The Court concludes that petitioner has made a prima facie showing that she has a legal right and is a bona fide purchaser for value of a certain proportion of 101 Ewing Court.[2] Because the Court is unable to determine at this time what proportion of 101 Ewing Court was purchased with defendant Tom Henry's lawful earnings and what proportion was purchased with the proceeds of his illegal activities, the Court is also unable to assess at this time what proportion of 101 Ewing Court may be considered the legitimate marital property of Tom and Jo Ann Henry. In the absence of such an assessment, the Court is further unable to derive petitioner's proportionate interest in the property.

Accordingly, the Court denies the Government's Motion To Dismiss petitioner's ancillary claim on 101 Ewing Court.

### 2. *Lot No. 23 Of South Fork Estates*

■ On July 6, 1990, defendant Tom Henry negotiated for the purchase of Lot No. 23 of South Fork Estates, adjacent to 101 Ewing Court, in Lebanon, Tennessee. Petitioner admits that she was not involved in the negotiations for the purchase of Lot No. 23, that she was not present at the closing, and that her husband, defendant Tom Henry, simply placed the property in her name. *See* Dep. Jo Ann Henry, Vol. II, Doc. No. 307, at 75–76. Although the deed to Lot No. 23 was in petitioner's name, petitioner conceded that defendant Tom Henry paid the $12,500.00 for the property. *Id.* at 75. Moreover, a stamp on the deed clearly indicates that tax bills are to be sent to defendant Tom Henry alone. *See* Pl.'s Mem.Supp.Mot.Dismiss, Doc. No. 377, Ex. 3.

In contrast to petitioner's demonstrated interest in the property at 101 Ewing Court, petitioner apparently had no involvement in, nor made any contribution to, the purchase of Lot No. 23. Despite petitioner's record ownership of Lot No. 23, the Court finds that Lot No. 23 was actually purchased by defendant, and that petitioner is merely a straw owner of the property. Accordingly, the Court concludes that petitioner has failed to establish that she has a legal right, title, or interest in the forfeited property, or that she is a bona fide purchaser for value. Because petitioner has failed to make a prima facie showing under 21 U.S.C. § 853(n)(6), the Court dismisses petitioner's claim on Lot No. 23.

### 3. *$25,000.00 In Currency In A Safe Deposit Box At First American Bank*

■ On October 24, 1991, petitioner leased and began storing money in a safe deposit box at the First National Bank in Brentwood, Tennessee. *See* Pl.'s Mem.Supp.Mot.Dismiss, Doc. No. 377, Ex. 7; Dep. Jo Ann Henry, Pl.'s Mem.Supp.Mot.Dismiss, Doc. No. 377, Ex. 4 at 5–6. As of August 13, 1992, petitioner had stored $25,000.00 in $100.00 bills in the safe deposit box. *See* Dep. Jo Ann Henry, Pl.'s Mem.Supp.Mot.Dismiss, Doc. No. 377, Ex. 4 at 7, 9. Although petitioner admits that her husband, defendant Tom Henry, was the source of the funds, she asserts that she concealed from him the fact that she had rented the box and was placing money in it. *Id.* at 9. Defendant Tom Henry provided petitioner with the funds for the purpose of paying household bills. *Id.* at 8. Petitioner asserts that she is entitled to the $25,000.00 as her share of marital property derived from Mr. Henry's lawful earnings.

It is evident from petitioner's deposition testimony that she began secretly collecting money upon discovering that her husband was under criminal investigation in February, 1991. *See* Dep. Jo Ann Henry, Pl.'s Mem.Supp.Mot.Dismiss, Doc. No. 377, Ex. 4 at 3–5. In addition, petitioner began storing money in the safe deposit box more than five months after the first criminal indictments were returned against defendant Tom Henry in May, 1991. *See* Warrant, Doc. No. 2. The Court therefore finds that petitioner attempted to conceal funds which were unlawfully obtained by Mr. Henry and to convert them to her personal use.

Petitioner has failed to establish that she has a legal right, title, or interest in the

---

**2.** By the Government's calculations, petitioner's separate monetary contribution to the purchase price of the property alone entitles her to a twelve percent (12%) interest in the property. *See* Pl.'s Mem.Supp.Mot.Dismiss, Doc. No. 377, at 14.

$25,000.00 in the safe deposit box, or that she is a bona fide purchaser for value. The Court dismisses petitioner's claim on the $25,000.00 for failure to establish a prima facie showing of entitlement to the forfeited property under 21 U.S.C. § 853(n)(6).

### III. CONCLUSION

For the above-stated reasons, the Court hereby grants in part and denies in part the Government's Motion To Dismiss Ancillary Hearing Petition Of Jo Ann Henry (Doc. No. 376). Accordingly, the Court grants the Government's Motion To Dismiss petitioner's ancillary claims on Lot No. 23 of South Fork Estates, the $25,000.00 in a safe deposit box at First American Bank in Brentwood, Tennessee, and all equity in State Farm Life Insurance Policy No. LF10182495; and the Court denies the Government's Motion To Dismiss petitioner's ancillary claim on 101 Ewing Court, Lebanon, Tennessee. Furthermore, the Court orders that a hearing be held pursuant to 21 U.S.C. § 853(n) on petitioner's ancillary claim on 101 Ewing Court, Lebanon, Tennessee, on May 2, 1994, at 1:00 PM.

An Order consistent with the findings herein is filed contemporaneously.

### *ORDER*

Pending before the Court is the United States of America ["the Government"]'s Motion To Dismiss Ancillary Hearing Petition Of Jo Ann Henry (Doc. No. 376), filed on April 22, 1993. On March 16, 1994, the Court heard Oral Argument from the parties on the Government's Motion.

In accordance with the contemporaneously-filed Memorandum, the Court hereby GRANTS IN PART and DENIES IN PART the Government's Motion To Dismiss Ancillary Hearing Petition Of Jo Ann Henry (Doc. No. 376). Accordingly, the Court GRANTS the Government's Motion To Dismiss petitioner's ancillary claims on Lot No. 23 of South Fork Estates, the $25,000.00 in a safe deposit box at First American Bank in Brentwood, Tennessee, and all equity in State Farm Life Insurance Policy No. LF10182495; and the Court DENIES the Government's Motion To Dismiss petitioner's

ancillary claim on 101 Ewing Court, Lebanon, Tennessee. Furthermore, the Court ORDERS that a hearing be held pursuant to 21 U.S.C. § 853(n) on petitioner's ancillary claim on 101 Ewing Court, Lebanon, Tennessee, on May 2, 1994, at 1:00 PM.