## A94A0576. CANFIELD v. COOK COUNTY.
### (445 SE2d 375)

SMITH, Judge.

John Grant Canfield brought suit against Cook County, Georgia, seeking damages for personal injuries suffered in a motorcycle accident on a county road. The trial court granted Cook County's motion to dismiss or in the alternative for summary judgment on the basis of sovereign immunity. Canfield appeals, and we affirm.

The 1990 amendment of Ga. Const. 1983, Art. I, Sec. II, Par. IX, extended sovereign immunity to all state departments and agencies, regardless of the existence of liability insurance. *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 50 (414 SE2d 638) (1992). The provisions of this paragraph apply to counties as subdivisions of the state. *Toombs County v. O'Neal*, 254 Ga. 390, 391 (1) (330 SE2d 95) (1985); *Gilbert v. Richardson*, 211 Ga. App. 795 (1) (440 SE2d 684) (1994). The 1990 amendment became applicable on January 1, 1991 to causes accruing after that date. *Donaldson*, supra; *Parker v. Wynn*, 211 Ga. App. 78 (438 SE2d 147) (1993). Canfield acknowledges that his motorcycle accident occurred after January 1, 1991.

Canfield cites no authority for his contention that waiver of sovereign immunity by the purchase of liability insurance should survive its removal from the constitution by the 1990 amendment. This contention is directly counter to the expressed intent in amending the constitution to remove the waiver provision and in enacting a state Tort Claims Act under the terms of that amendment. See *Curtis v. Bd. of Regents*, 262 Ga. 226, 227 (416 SE2d 510) (1992). The Georgia Tort Claims Act, OCGA § 50-21-20 et seq., declares "the state shall only be liable in tort actions within the limitations of this article and in accordance with the fair and uniform principles established in this

article." OCGA § 50-21-21 (a). The Act defines "State" specifically to exclude counties. OCGA § 50-21-22 (5). This action accordingly is barred by the doctrine of sovereign immunity.

Canfield's allegation of nuisance does not create a basis for liability. A county cannot be liable for a nuisance except in the context of a taking of private property for public purposes amounting to inverse condemnation. *DeKalb County v. Orwig*, 261 Ga. 137, 138 (1) (402 SE2d 513) (1991). Nor do Canfield's constitutional claims have merit. "[T]he statutory bar of sovereign immunity to suit in tort is not a deprivation of property without just compensation, nor a denial of either equal protection or due process under the federal or state constitutions. [Cits.]" *Robinson v. City of Decatur*, 253 Ga. 779 (1) (325 SE2d 752) (1985), overruled on other grounds, *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300, 303, n. 1 (357 SE2d 569) (1987) (application of former Ga. Const. 1983, Art. I, Sec. II, Par. IX). "The legislature's and the judiciary's establishment of and adherence to the rule of sovereign immunity is not a 'taking' of property rights required to be compensated by Ga. Const. 1983, Art. I, Sec. III, Par. I. [Cit.] Where the sovereign has sovereign immunity from a cause of action, and has not waived that immunity, the immunity rises to a constitutional right and cannot be abrogated by any court. [Cit.]" *Tyson v. Bd. of Regents*, 212 Ga. App. 550 (442 SE2d 9) (1994).

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 23, 1994.

*Rodney L. Allen*, for appellant.
*Ellis & Easterlin, George M. Peagler, Jr.*, for appellee.