A96A0686. KORDARES v. GWINNETT COUNTY et al.
(470 SE2d 479)

SMITH, Judge.

The trial court wrote an excellent, thorough, complete and correct order in granting appellees' motion for summary judgment. We adopt the trial court's order, set out below in full, verbatim, as our opinion in this case.

### ORDER OF THE TRIAL COURT.

"Plaintiffs allege that Gwinnett County and several of its employees caused the death of James Kordares by negligently designing, constructing, maintaining, repairing and inspecting Briscoe Road Bridge (hereinafter 'the bridge'). Plaintiffs also assert a nuisance claim.

"According to the deposition of Plaintiffs' expert, A.O. White, Plaintiffs claim Briscoe Road Bridge was constructed with inadequate footings. As a result, Plaintiffs contend, the bridge partially collapsed and James Kordares was killed when he attempted to cross the bridge. Plaintiffs have apparently abandoned their claims of negligent design and construction.[1] Rather, Plaintiffs claim that the County and its employees failed to perform a subsurface inspection of the bridge, and thus failed to discover the alleged deficiency.

"Plaintiffs do not claim that the County had notice of the deficiency, but instead, contend that the County would have had notice if it had conducted a subsurface inspection. Plaintiffs appear to claim that had the County discovered the deficiency, the County should have replaced the bridge, as the alleged deficiency obviously could not have been corrected by repair or maintenance.

"In their Motion for Summary Judgment, Defendants contend that the negligence claims against the County are barred by Sovereign Immunity. Defendants further assert that Plaintiffs cannot recover from the County for personal injuries and wrongful death on a nui-

---

[1] Plaintiffs do not claim negligent design and construction in their Statement of Material Fact submitted in response to Defendants' Motion for Summary Judgment. Even if they had, these claims are barred by the 8 year statute of limitations for damages for wrongful death arising from any deficiency in the design or construction of any improvement to real property. O.C.G.A. § 9-3-51. Defendants submitted an uncontroverted affidavit from a long-time resident of the area stating that the bridge was at least 40 years old. Moreover, Plaintiff has cited no evidence that Gwinnett County or any of the individual defendants participated in the design or construction of this bridge.

sance claim. Lastly, Defendants argue that the County employees are immune from individual liability because their actions were discretionary and were performed in their official capacity. After careful consideration of the file, including the pleadings, motions, responses, briefs and exhibits, and after hearing oral argument, the Court finds that Defendants are entitled to judgment as a matter of law on all of Plaintiffs' claims. The Court therefore grants Defendants' Motion for Summary Judgment.

"First, the Court finds that the County is immune from negligence liability. The doctrine of sovereign immunity applies to all state department and agencies, including counties, regardless of the purchase of liability insurance. Ga. Const. 1983, art. I, sec. II, para. IX (amended 1990); *Gilbert v. Richardson*, 264 Ga. 744 [(452 SE2d 476)] (1994) (O.C.G.A. § 33-24-51 provides that a county waives its sovereign immunity to the extent of amount of liability insurance purchased for the negligence of employees arising from the use of a motor vehicle). *See also* O.C.G.A. § 36-1-4 ('a county is not liable to any suit for any cause of action unless made so by statute'). The Georgia Constitution further dictates that sovereign immunity 'can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver'.

"None of the statutes cited by the Plaintiffs waive the County's immunity as to bridges. Specifically, O.C.G.A. § 32-4-41, enacted in 1973, has never been held to constitute a waiver of the sovereign immunity of counties. That statute states that '[t]he County shall plan, designate, improved, manage, control, construct and maintain an adequate county road system . . .' The statute does not explicitly waive immunity, nor does it indicate that a failure to fulfill a specified 'duty' results in liability for personal injuries. Rather, Article 4, 'State, County and Municipal Road Systems', of which the statute is part, designates which governmental entity has fiscal responsibility for and power over certain aspects of the road system.

"A number of Georgia cases have held, without specifically addressing O.C.G.A. § 32-4-41, that counties are immune from liability for negligence suits arising on county roads. For example, in *Woodard v. Laurens County*, 265 Ga. 404 [(456 SE2d 581)] (1995), a driver was injured in an automobile accident when another driver failed to obey a stop sign. The driver sued the county, alleging that the county negligently inspected and maintained the stop sign. The Georgia Supreme Court held that the county was protected by sovereign immunity. *Id. See also Department of Transportation v. Price*, 208 Ga. App. 320 [(430 SE2d 602)] (1993) (county immunity from liability for injury occurring on county road); *Christian v. Monroe County*, 203 Ga. App. 342 [(417 SE2d 37)] (1993); *Marion v. DeKalb County*, 821

F. Supp. 685 (N.D.Ga. 1993).

"Plaintiffs rely on *Purvis v. Virgil Barber Contractor*, 205 Ga. App. 13 [(421 SE2d 303)] (1992), for the argument that O.C.G.A. § 32-4-41 waives sovereign immunity as to county roads. In *Purvis*, the plaintiff was injured on a county road and sued the contractor who was paving the road. The Georgia Court of Appeals held that the county, not the contractor, was responsible for roads and construction, pursuant to O.C.G.A. § 32-4-41, and traffic control devices, pursuant to O.C.G.A. § 32-6-50. The county was not a party to the suit.

"*Purvis* does not support the Plaintiffs' position here. The Court in *Purvis* merely stated that the county was *responsible* for the roads instead of the contractor. The court did not state that the county was *liable*, nor did it address sovereign immunity.

"Plaintiffs further cite to § 95-1001, a statute that provided county liability for bridges prior to 1973. Although that statute was superseded and replaced in 1973 with O.C.G.A. § 32-4-1 et seq. (State, County and Municipal road Systems), Plaintiffs argue that its intent somehow survived in O.C.G.A. § 32-4-41 (duties of a county). But the Court finds no language in § 32-4-41 indicating that a county is liable for defective bridges, and any waiver of sovereign immunity must be explicit. Ga. Const. 1983, art. I, sec. II, para. IX.

"The Court further finds that O.C.G.A. § 32-4-71 is inapplicable. That statute provides that if a contractor performing bridge work fails to take a performance bond, the county is liable for 7 years for injuries caused by defective bridges. Nevertheless, the statute does not provide county liability where the county itself undertakes the bridge work, as here.

"Accordingly, the Court finds that the County is immune from negligence liability and grants Defendant Gwinnett County's Motion for Summary Judgment as to the negligence claims.

"Similarly, the County is not liable for nuisance claims arising from personal injuries or wrongful death. Georgia Courts consistently reject these type of nuisance claims against counties. *Canfield v. Cook County*, 213 Ga. App. 625 [(445 SE2d 375)] (1994); *Christian*, 213 Ga. App. at 343 (summary judgment granted in favor of county on plaintiff's nuisance claim arising from collection of water on road surface allegedly resulting in personal injury in automobile); *Kitchen v. CSX Transportation*, 6 F.3d 727 (11th Cir. 1993); *Marion*, 821 F.Supp. at 687.

"In *Canfield*, the plaintiff was injured in a motorcycle accident on a county road. The plaintiff asserted a nuisance claim against the county. The Georgia Court of Appeals, affirming the grant of summary judgment in the county's favor, held that a county is only liable for a nuisance 'in the context of a taking of public property for public purposes amounting to an inverse condemnation.' *Id.* Thus, this

Court finds that Plaintiffs cannot recover pursuant to their nuisance claim and Defendant Gwinnett County is entitled to judgment as a matter of law on this claim.

"Lastly, the Court finds that the individual employees of the County are immune from liability in this action. The Georgia Constitution provides that county employees are immune from suit for discretionary acts performed without malice in their official capacity. *Woodard*, 265 Ga. at 406; *Gilbert v. Richardson*, 264 Ga. 744 [(452 SE2d 476)] (1994).

"Here, Plaintiffs do not allege that the employees acted with malice. Rather, Plaintiffs allege that the employees negligently performed a ministerial function.

" 'Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case.' *Woodard*, 265 Ga. at 407. The Court finds that the acts of inspection, or failure to properly inspect, and the subsequent alleged failure to replace the bridge, are discretionary in this particular case.

"In *Woodard*, the plaintiff alleged negligent inspection and maintenance of a stop sign. *Id.* at 405. The plaintiff claimed that the stop sign had become obscured by tree limbs and that 'the procedures for discovering and removing such obstructions were inadequate'. *Id.* at 407. The Georgia Supreme Court found it determinative that there was no contention that the county employees failed to follow established procedures. *Id.* The court held, '[t]he decision on whether to adopt other or additional inspection and maintenance procedures is left to [the employees'] personal judgment and is therefore discretionary and not ministerial'. *Id. See also Peele v. Dobbs*, 196 Ga. App. 684 [(396 SE2d 600)] (1990) (alleged negligent inspection and approval by county building inspector is discretionary act).

"In the present case, county employees generally inspected county bridges once or twice per year. (Depo. of Kim Conroy at p. 40). However, Plaintiffs fail to assert the existence of any policy or procedure, written or otherwise, dictating the method of the inspection. Plaintiffs do not allege that any County policy or procedure required a subsurface inspection. Nor do the Plaintiffs allege that any of the employees were instructed to perform a subsurface inspection. On the contrary, Defendants' unrefuted testimony is that there was no law or policy specifying the method or frequency of inspection of bridges like the Briscoe Bridge and that no employee was instructed to conduct a subsurface inspection. (Black Aff., Conroy Aff., and Dempsey Aff.)

"The Court finds that in this case, like in *Woodard*, there was no procedure or instruction which the individual Defendants failed to follow, and therefore, the acts upon which liability is premised were discretionary. Therefore, the Court grants summary judgment to the

individual Defendants on all claims. [Trial court order ends.]"
  *Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED MARCH 27, 1996 —

  *Wall & Noonan, Douglas T. Noonan, James D. Nichols, Jr.*, for appellant.
  *Boyce, Ekonomou & Atkinson, John E. Underwood, Sr., Richard A. Carothers*, for appellees.