## A97A2520. ROSS et al. v. TAYLOR COUNTY et al.
(498 SE2d 803)

SMITH, Judge.

Enola Gay Ross and her husband Willie C. Ross brought this action against Taylor County and its road superintendent, Lawrence Short, to recover for injuries to Mrs. Ross and loss of consortium resulting from a single-vehicle accident when Mrs. Ross's car overturned in a ditch on a county road. The trial court granted the defendants' motion for summary judgment, and this appeal ensued.

The Rosses alleged in their complaint that the county and Short were negligent in several respects in constructing and maintaining the road, and that this negligence proximately caused Mrs. Ross's accident. The defendants moved for summary judgment principally on the grounds of sovereign and official immunity,[1] and the issue presented in this appeal is the applicability of those doctrines.

1. The Rosses concede that summary judgment was properly granted in favor of the county on Willie Ross's claim for loss of consortium because no timely ante litem notice was given to the county on that claim, as required by OCGA § 36-11-1.

2. The Rosses contend the doctrine of sovereign immunity does not apply in this case because the duty breached by the county was a purely ministerial duty. We do not agree.

The accident occurred when Mrs. Ross was driving her car on Hicks Road in Taylor County on a clear afternoon. She was unfamiliar with Hicks Road, and when her car rounded a curve at the end of the paved portion of the road, it skidded into a ditch and flipped over. The record shows that Hicks Road was built by the county pursuant to a public road contract with the State Department of Transportation. The original plans for the road were altered by the county before construction began when a railroad objected because the road encroached on its right-of-way. Pursuant to this change in the plans, a portion of the road was left unpaved.

The contract with the Department of Transportation included a standard provision requiring the construction to be performed in "strict and entire conformity" with the specifications. The Rosses maintain that this provision renders the entire process of constructing the road a purely ministerial function, making the county's negligence actionable notwithstanding sovereign immunity. Art. I, Sec. II, Par. IX, Ga. Const. of 1983, as amended in 1991; *Gilbert v. Richardson*, 264 Ga. 744, 750, 752 (452 SE2d 476) (1994); *Crisp County School System v. Brown*, 226 Ga. App. 800, 802 (2) (487 SE2d 512) (1997).

---

[1] They also claimed lack of timely ante litem notice to the county on the consortium claim. See Division 1, infra.

But even if this were true with regard to the actual construction process, the county's negligence, as alleged by the Rosses, consisted of certain decisions made by the county: to change the plans and not build a portion of the road; to end the paving at a certain location in a certain manner; and to use (and not use) certain warning signs and traffic signals indicating the end of the paved road. Such decisions are the very essence of discretionary acts.[2]

Discretionary acts " 'lie midway between judicial and ministerial ones.' " *Hennessy v. Webb*, 245 Ga. 329, 331 (264 SE2d 878) (1980). They call "for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." (Citations and punctuation omitted.) *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). *Hennessy*, supra, addressed the immunity of a school principal from liability for injury to a student who fell, and not a county's liability stemming from road construction. But the Supreme Court noted in *Hennessy* that "[i]t has been held that there is no liability on the part of a county commissioner in deciding when and how to work on roads because such a decision was discretionary. [Cit.]" Id. It is beyond question that the county's actions in this case were also discretionary in nature, and the county therefore is immune from liability. The trial court did not err in granting the county's motion for summary judgment on this ground.

3. A difference exists, however, between a decision to build a road or determine how it is to be designed or its general location, on the one hand, and the actual work of constructing it, on the other. The latter has been held to be a ministerial task, and "the duties of a road supervisor in carrying out the physical details of the work are likewise ministerial in nature." *Joyce*, supra at 97. Although Short's duties may have involved the exercise of some degree of judgment, it is clear from Short's testimony that his work consisted solely of ministerial acts.

Short testified on his deposition that although he had authority to replace traffic signs and signals, he did not make original decisions as to whether or where to place stop signs or traffic signals; he had some discretion, however, to place signs lowering speed limits on blind curves. As to the actual construction of the road, Short and his crew did the subgrading under the supervision of the State Depart-

---

[2] We note that the Georgia Tort Claims Act is inapplicable because this case involves allegations of negligence only against a county and a county official. OCGA § 50-21-22 (5). See *Hemak v. Houston County School Dist.*, 220 Ga. App. 110, 113 (469 SE2d 679) (1996). We therefore need not apply the restrictive definition of discretionary acts supplied by the Georgia Tort Claims Act, OCGA § 50-21-22 (2). Compare *Dept. of Transp. v. Brown*, 218 Ga. App. 178 (460 SE2d 812) (1995), aff'd 267 Ga. 6 (471 SE2d 849) (1996).

ment of Transportation. This work was done by following the grade stakes previously marked out by the Department. Short testified he had absolutely nothing to do with the paving process. Nor did he have any "freedom of action" in the road's location; he testified that "we built the road in between the stakes." We intimate no opinion regarding the Rosses' allegation that Short was negligent in performing his duties. The evidence of record simply persuades us that Short's actions, like those of the road supervisor in *Joyce* and unlike those of the county in this case, were ministerial rather than discretionary. The trial court therefore erred in granting Short's motion for summary judgment on the ground of official immunity.

*Judgment affirmed in part and reversed in part. McMurray, P. J., Birdsong, P. J., Ruffin and Eldridge, JJ., concur. Andrews, C. J., concurs in part and dissents in part. Beasley, J., dissents.*

ANDREWS, Chief Judge, concurring in part and dissenting in part.

I agree with Judge Beasley's dissent to Division 3 of the majority opinion. I write separately because I concur fully as to Divisions 1 and 2 of the majority's opinion.

BEASLEY, Judge, dissenting.

The question is whether what plaintiffs allege was negligently done by either defendant county or defendant roads superintendent or both constituted discretionary acts or ministerial acts. Only if the actions or inactions of each were ministerial could each be held liable for negligent performance of the same, due to the shields of the county's sovereign immunity and the roads superintendent's official immunity from liability for discretionary acts.

Plaintiffs' position is that the defendants failed to perform their PR (public road) contract with the State DOT in accordance with its terms. The contract was entered into because DOT and the county desired the improvement and construction "of a certain facility," and the county agreed "to do and perform all the work and labor for said purpose." Among the contract terms was: "The work and materials shall be in strict and entire conformity with the provisions of this contract and the plans and specifications prepared (or approved) by the state highway engineer or his authorized representative the originals of which are on file in the office of the state highway engineer and which said plans and specifications are hereby made part of this agreement as fully and to the same effect as if the same had been set forth at length in the body of this agreement. This contract will be executed and constructed in accordance with the standard specifications, 1983 edition, the supplemental specifications, 1989 edition, and the supplemental specifications and special provisions included in and made a part of this contract. . . . [W]ork shall be done in

accordance with the laws of the State of Georgia under the direct supervision and to the entire satisfaction of the Department of Transportation. The decision of the state highway engineer upon any question connected with the execution or fulfillment of this agreement and interpretation of the specifications or upon any failure or delay in the prosecution of the work by the county shall be final and conclusive."

Among the plans and specifications were a series of survey maps showing the location of the roadbed. The original survey map called for the easterly end of Hicks Road to turn south and cross the tracks of the Norfolk Southern Railroad to join Georgia Highway 96. Because of a dispute with the railroad as to taking the paving of the road across the railroad tracks at the point provided for on the original survey plat, the county revised the paving plans to eliminate the portion of the road that crossed the tracks. As a result, the county decided to leave a portion of the road unpaved.

Plaintiffs assert that the county's revised plans were not in conformity with the provisions of its contract with the DOT, and that this modification by the county created an inherently dangerous situation which caused Mrs. Ross' injury. They argue that this was the result of a negligently performed duty imposed by the DOT contract, which duty was ministerial because defendants could exercise no independent judgment in deviating from the terms of the contract, and that the changes which resulted in the problems which caused the accident were deviations from the contract.

The negligent acts which plaintiffs allege caused the accident and injuries are in their complaint. Their expert's opinion is that the specifics complained of, i.e., the various physical and locational features of the road and the traffic signs or abuse thereof allegedly causing the accident, constituted a deviation from the standard of care in the industry.

"Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case." (Citation and punctuation omitted.) *Kordares v. Gwinnett County*, 220 Ga. App. 848, 851 (470 SE2d 479) (1996).

If the county and the county road superintendent could exercise judgment in making the changes in the road and traffic signs from what was in the contract, or if these aspects of the construction of the road were not covered by the contract, then the decisions were discretionary.

A ministerial act is " 'one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. . . .' [Cit.]" *Guthrie v. Irons*, 211 Ga. App. 502, 506 (439 SE2d 732) (1993).

A discretionary act is one for which " 'there [is] no procedure or

instruction which the . . . [d]efendants failed to follow. . . .' " *Kordares*, supra. Discretionary acts call for "the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." *Joyce v. Van Arsdale*, 196 Ga. App. 95, 96 (395 SE2d 275) (1990). "Grounded in separation of powers concerns, the discretionary function exception reflects [the law's] 'wish to prevent judicial "second-guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of action in tort. [*United States v. S.A. Empresa de Viacao Aerea &c.*, 467 U. S. 797, 814 (104 SC 2755, 81 LE2d 660) (1984)].' " *Kennewick Irrigation Dist. v. United States*, 880 F2d 1018, 1021-1022 [1] (9th Cir. 1989).

The United States Supreme Court explained in *Dalehite v. United States*, 346 U. S. 15, 34 (73 SC 956, 97 LE 1427) (1953), that sovereign immunity covers "the discretion of the executive or the administrator to act according to one's [best] judgment of the best course. . . ." It also includes "determinations made by executives or administrators in establishing plans, specifications or schedules of operations. Where there is room for policy judgment and decision[,] there is [room for] discretion." Id. at 35-36.

The majority in the instant case concludes, in Division 2, that the county's decisions to change the plans and not build a portion of the road, and to end the paving at the location in question, were "the very essence of discretionary acts." While this may generally be the case, see *Hennessy v. Webb*, 245 Ga. 329, 331 (264 SE2d 878) (1980), the county ceded its discretion here by contractually obligating itself to build the road in the manner specified by the DOT. Cf. *Kennewick*, supra at [3] (discretion of governmental actor may be removed if government incorporates specific safety standards in contract).

It follows that paving Hicks Road in conformity with the DOT contract is properly classified as a ministerial act. " ' "Should the (county) decide when a street should be opened, closed, or repaired, or when a sewer should be built, it is clearly exercising legislative or judicial functions, but when it engages in the work of opening, closing, or repairing a street, or building a sewer, and is thus engaged in the physical execution of the work, it is evidently in the discharge of duties purely of a ministerial nature." (Cit.) . . .' [Cits.]" *Joyce*, supra at 97.

Since the decisions to depart from the contract were made by the county, the trial court erred in granting its motion for summary judgment.

Plaintiffs seek to impose liability on county road superintendent Short, as well as on the county, based on assertions of negligence by them in failing to install certain warning signs and traffic signals

indicating the end of the paved road. I agree with the conclusions in Divisions 2 and 3 of the majority opinion that decisions to use (and not use) traffic warnings and traffic signals are discretionary. They call for the exercise of personal judgment and acting in a way not specifically directed. The DOT contract does not cover this subject.

I cannot agree with the majority's reversal of the trial court's grant of Short's motion for summary judgment in Division 3. As acknowledged by the majority in that division, the evidence shows that decisions as to the paving and location of the road were made by the county and not by Short. Under the bases of liability pursued by the plaintiffs in this appeal, Short was entitled to summary judgment.

I respectfully dissent from the affirmance of the grant of the county's motion for summary judgment in Division 2 and from the reversal of the grant of Short's motion for summary judgment in Division 3.

DECIDED MARCH 20, 1998 ▉▉▉▉▉▉▉▉▉▉

*Adams & Adams, Charles R. Adams III, Robert A. Butler, Nelson & Lord, Ellis M. Nelson*, for appellants.
*Roberts, Roberts & Ingram, Guy V. Roberts, Jr.*, for appellees.