**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**December 19, 2013**

# In the Court of Appeals of Georgia

A13A1826. CITY OF MILLEDGEVILLE v. PRIMUS.

ELLINGTON, Presiding Judge.

Pursuant to a granted interlocutory appeal, the City of Milledgeville contends that the Superior Court of Baldwin County erred in denying its motion for summary judgment on sovereign immunity grounds. Because the City was immune from suit for the discretionary act of its employee, we must reverse the order of the superior court.

> On appeal from the grant [or denial] of summary judgment, this Court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Bomia v. Ben Hill County Sch. Dist.*, 320 Ga. App. 423 (740 SE2d 185) (2013). So viewed, the record shows that the City had a contract with the Georgia Department of Corrections, under which the City provided vehicles for corrections officers to transport prison inmates who were performing labor for the benefit of the City. Under the contract, the City was responsible for maintaining the vehicles in working order.

On October 10, 2007, corrections officer Lucious Primus was driving an inmate transport bus from a work detail back to the prison when the brakes suddenly failed. Unable to stop the bus and concerned that he was about to run a red light at an upcoming intersection, Primus drove the bus off the road and into a utility pole. Although the bus suffered only minor damage, Primus allegedly suffered neck and shoulder injuries.

An inspection of the bus after the crash revealed that the front brake line had burst, causing the power assist to the front brakes to fail. The rear brakes, however, were still operable. There is no evidence in the record that the front brake line ruptured due to a defect that would have been visible upon inspection. Further, there is no evidence in the record from which one might infer that the brake line was in

2

need of replacement before it ruptured.[1] In fact, the mechanic who maintained the vehicle averred that a brake line is a "lifelong" part, not one which is typically replaced during scheduled maintenance. The record shows that the City regularly inspected its transport vehicles, including the brake lines, and that it had protocols in place for repairs, for scheduled maintenance, and for checking the working condition of each vehicle before it was put into use. Primus had also performed a safety check on the vehicle immediately prior to driving it, and found it to be in working order.

Primus sued the City for negligence, alleging that it had failed to adequately inspect the bus and maintain the brake lines. An adequate inspection, according to Primus, would have shown a problem with the brake line. The City moved for summary judgment on the ground of sovereign immunity. The trial court denied the motion without explanation, but certified its order for immediate review. In this appeal, the City contends that it is immune from suit for the alleged negligent performance of a discretionary act. Primus argues, however, that the City's failure to

---

[1] Primus cites the testimony of the city marshal, who deposed that, during a lunch break that occurred shortly before Primus drove back to the prison, another city employee told Primus that he saw fluid dripping onto the ground beneath the bus. There is no evidence, however, that this unspecified fluid leak was a sign of an imminent brake line rupture. In fact, according to both the city mechanic and the city marshal, there are no warning signs and no way to anticipate the rupture that occurred. Primus presented no evidence to the contrary.

discover the defective brake line during its inspection was a ministerial act for which immunity is waived.

Sovereign immunity applies to municipalities, unless the General Assembly waives it by law. Ga. Const. of 1983, Art. IX, Sec. II, Par. IX. "Traditionally, municipalities have been subject to suit for negligent performance or nonperformance of their ministerial functions while enjoying immunity from suit for the negligent performance or nonperformance of their governmental or discretionary functions." (Citations and punctuation omitted.) *J. N. Legacy Group v. City of Dallas*, 322 Ga. App. 475, 478 (1) (745 SE2d 721) (2013). A ministerial act is

> commonly one that is simple, absolute, and definite, arising under conditions admitted or proved to exist, and requiring merely the execution of a specific duty. A discretionary act, however, calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed.

(Punctuation and footnote omitted.) *Russell v. Barrett*, 296 Ga. App. 114, 117 (1) (673 SE2d 623) (2009). Thus, sovereign immunity is waived for ministerial acts, but not for discretionary ones. The party seeking to benefit from a waiver of sovereign immunity – in this case, Primus – bears the burden of establishing waiver.

4

*Southerland v. Ga. Dept. of Corrections*, 293 Ga. App. 56, 57 (666 SE2d 383) (2008). "Whether the acts upon which liability is predicated are ministerial or discretionary is determined by the facts of the particular case." (Citation omitted.) *Woodard v. Laurens County*, 265 Ga. 404, 407 (2) (456 SE2d 581) (1995).

Although the City concedes it has a ministerial duty to maintain and inspect the bus, including its brake lines, it contends that the decision whether to replace the brake line on the bus was a discretionary act under these circumstances. We agree.

The City offered unrebutted evidence that there was no standard replacement schedule for the brake line, unlike the routine scheduled maintenance of changing the oil, air filters, and tires on the timetable recommended by the vehicle's manufacturer. As the City's chief mechanic stated in his affidavit, the brake line is "a lifelong part to a vehicle" that is not "typically ever replaced." Thus, the mechanics would only replace the brake line if, in the exercise of their judgment, they saw some reason to do so.

Nevertheless, Primus argues that since the duty to inspect the bus was ministerial, then the City can be held liable for negligently failing to discover the defect in the brake line. However Primus's argument fails because he has not properly identified the act in question; we must consider whether "*the specific act* from which

liability arises is discretionary or ministerial." (Citation and punctuation omitted; emphasis supplied.) *Howell v. Willis*, 317 SE2d 199, 201 (729 SE2d 643) (2012). Here, the specific act at issue is not inspecting the bus generally; rather it is inspecting the brake lines in such a way that a concealed defect would have been discovered. Thus, the question before us is whether that act was ministerial or discretionary.

This Court has decided a number of negligent inspection cases over the years and we have typically held that sovereign immunity is not waived unless there is a policy, procedure, ordinance, or law dictating either the method of inspection or the specific standard that must be met. In *Kordares v. Gwinnett County*, 220 Ga. App. 848 (470 SE2d 479) (1996), for example, the plaintiff alleged that the county had negligently inspected a bridge and failed to uncover subsurface deficiencies. We held that the defendants were immune from suit in the absence of any "procedure or instruction" governing the manner of bridge inspections. Id. at 851. In *Heller v. City of Atlanta*, 290 Ga. App. 345 (659 SE2d 617) (2008), by contrast, we held that the city was not entitled to immunity for the negligent failure of its public taxicab inspector to ascertain that a taxicab had insufficient tire tread. The inspection was ministerial, rather than discretionary, because state law provided that the major

6

grooves of a tire must have a tread depth of at least 2/32 inch. Id. at 348 (1). The city had no discretion to deviate from this clear standard in executing its taxicab inspections. Id. at 349 (1).

Primus points to no clear standard for inspections in this case, as is his burden. Although the City had a duty to maintain and inspect the bus, there is no evidence that there was a specific timetable for inspections and no guidelines as to what an inspection of the brake line should entail. Without any evidence that the City failed to follow a specific rule, procedure, or law, or that it otherwise deviated from some clear standard for performing its inspection, the act in question is a discretionary one. See *Kordares v. Gwinnett County*, 220 Ga. App. at 851. Accordingly, the trial court erred in denying the City's motion for summary judgment on this ground.

*Judgment reversed. Phipps, C. J., and Branch, J., concur.*