296 Ga. 584
FINAL COPY

S14G0753.  PRIMAS v. CITY OF MILLEDGEVILLE.

THOMPSON, Chief Justice.

We granted a petition for writ of certiorari in this case to consider whether the Court of Appeals applied the proper analysis when it determined that the City of Milledgeville's sovereign immunity had not been waived pursuant to OCGA § 36-33-1 (b), thereby entitling the City to summary judgment.  See City of Milledgeville v. Primus, 325 Ga. App. 553 (753 SE2d 146) (2013).[1]  Because we find that the proper analysis was not applied, we vacate the decision of the Court of Appeals and remand to that court for its reconsideration.

The record before us demonstrates that Lucious Primas was injured while driving a prison work-detail van owned by the City of Milledgeville (the "City").  The van was leased to the Georgia Department of Corrections but pursuant to contract, the City was responsible for maintaining the vehicle and purchasing insurance policies. On the day of the accident, as Primas approached an intersection, the brake line failed.  Primas was able to steer the car off the

---

[1] The Court of Appeals opinion incorrectly refers to Mr. Primas as Mr. Primus.

road, but he was injured when he collided with a utility pole. Primas sued the City, alleging it was negligent by failing to inspect and maintain the vehicle's brake lines. The trial court denied the City's motion for summary judgment in which it claimed the maintenance and inspection of a brake line is a discretionary act for which its sovereign immunity had not been waived. The Court of Appeals reversed, holding that Primas's claim against the City was barred under the doctrine of sovereign immunity because the alleged negligent act was a discretionary act for which sovereign immunity had not been waived under Georgia law. City of Milledgeville v. Primus, supra, 325 Ga. App. at 555.

Both parties concede in this Court that the Court of Appeals' analysis was flawed. They acknowledge, and we agree, that under the doctrine of sovereign immunity, a municipal corporation is immune from suit unless its immunity is waived by the General Assembly and that the waiver of a municipal corporation's sovereign immunity set out in OCGA § 36-33-1 (b) subjects a municipal corporation to suit for the negligent performance of its ministerial functions but keeps in place its immunity from suit for actions taken in the performance of its governmental functions. See City of Atlanta v. Mitcham, 296 Ga. 576 (___ SE2d ___) (2015); Koehler v. Massell, 229 Ga. 359, 361-362 (3)

2

(191 SE2d 830) (1972).  Although the Court of Appeals recited these principles and appears to have recognized that the only type of immunity at issue in this case was the City's *sovereign* immunity, both the parties and the Court of Appeals addressed the immunity issue before them as one involving *official* immunity.  See City of Milledgeville v. Primus, supra, 325 Ga. App. at 554-556 (incorrectly stating that the sovereign immunity of a municipal corporation is "waived for ministerial acts, but not for discretionary acts," misapplying definition of official immunity's "ministerial acts," and misstating the holding of Heller v. City of Atlanta, 290 Ga. App. 345 (659 SE2d 617) (2008), which does not address a city's waiver of sovereign immunity under OCGA § 36-33-1 (b)).  In doing so, the Court of Appeals applied inapplicable legal principles, definitions, and precedent and failed to make any determination regarding whether the alleged negligence arose out of the performance, or non-performance, of a governmental function.  See City of Atlanta v. Mitcham, supra, 296 Ga. at 581-582  (definition of "ministerial act" for purposes of official immunity is not applicable in determining whether, for purposes of sovereign immunity, a municipal corporation was engaged in a "ministerial duty or function").

3

Primas argues that regardless of whether the maintenance and inspection of a city vehicle was a governmental function, the City was not protected by sovereign immunity because it waived such immunity through its purchase of insurance. See OCGA § 36-33-1 (a) ("municipal corporation shall not waive its immunity by purchase of liability insurance except as provided in Code Section 33-24-51 or 36-92-2."); OCGA § 33-24-51 (b) ("sovereign immunity of local entities for a loss arising out of claims for the negligent use of a covered motor vehicle is waived as provided by Code Section 36-92-2"); OCGA § 36-92-2 (municipal corporation can waive its liability up to limits of motor vehicle insurance purchased). However, the issue of whether the City's sovereign immunity was waived by the purchase of insurance pursuant to OCGA § 36-33-1 (a) was not presented to or ruled on by the trial court on motion for summary judgment or in the Court of Appeals, and therefore, this argument presents nothing for review in this appeal. See Seay v. Cleveland, 270 Ga. 64, 66 (2) (508 SE2d 159) (1998). Moreover, it is apparent from the summary judgment record that Primas was not relying on this ground of waiver to avoid the

preclusive effects of the City's sovereign immunity.[2]

Because the Court of Appeals' opinion in this case, like the trial court's ruling on the City's motion for summary judgment, gives no consideration to whether the alleged negligence by the City occurred in the performance of a governmental function and does not acknowledge or apply the definitions of governmental and ministerial functions as those terms relate to the City's *sovereign* immunity, we vacate the judgment of the Court of Appeals and remand to that court for its reconsideration in light of this opinion and our decision today in City of Atlanta v. Mitcham, supra.

Judgment vacated and case remanded with direction. All the Justices concur.

Decided February 16, 2015.

Certiorari to the Court of Appeals of Georgia – 325 Ga. App. 553.

James E. Lee II, Michael W. Barber, for appellant.

---

[2] Although the summary judgment record contains the declarations page for an insurance policy purchased by the City which may cover the vehicle at issue, the insurance policy itself was not included in the summary judgment record and trial court, because the issue was not before it, made no findings with regard to a waiver under OCGA § 36-33-1 (a).

E. Alan Miller, Martenson, Hasbrouck & Simon, Yakov D. Shteyman, for appellee.